## MEISSNER and others *v.* BUEK and others.

*(Circuit Court, E. D. Virginia.* July 20, 1886.)

1. REMOVAL OF CAUSE—SUITS REMOVABLE—CITIZENSHIP.

Under the act of March 3, 1875, either plaintiff or defendant may remove any *suit* in which there is a *controversy* between citizens of different states.

2. SAME—WHEN A CROSS-BILL IS NECESSARY AND PROPER.

Where a bill is filed to set aside a conveyance, the conveyance cannot be carried into execution without a cross-bill by a defendant. The converse of the proposition is equally true.

3. SAME.

The plaintiff in such a cross-bill is such a defendant to the original suit as is entitled to remove the cause from the state to the federal court, under the act of March 3, 1875, if he is a citizen of a different state from the parties opposed to him.

In Equity.

Upon a motion to remand to the chancery court of the city of Richmond, Virginia, whence the cause was removed by writ of *certiorari* awarded by this court, June 23, 1886. The facts are fully stated in the opinion of the court.

*McGuire & Ellett* and *Legh R. Page,* for Meissner, and Buek & Hoff, and McGuire, Trustee.

*James Lyons* and *Coke & Pickrell,* for Case Manuf'g Co. of Columbus, Ohio.

HUGHES, J. The record in this case shows that the suit is removable, and the only question to be considered is whether it may be removed on the petition of the Case Manufacturing Company. The record shows debts due by the insolvent defendants Buek & Hoff to the amount of at least $75,000. The deed which the bill seeks to set up and carry into execution secures of this indebtedness $11,366 to three preferred creditors, who are designated as of the first class, and directs the surplus funds remaining after the payments of these debts to be distributed among all other creditors, whom it ranks as in the second class. One of the largest of these second-class creditors of the insolvent firm is the Case Manufacturing Company of Columbus, Ohio. The largest first-class creditor is C. F. L. Meissner, of New York, the debt due to whom is $10,000. Meissner filed the original bill in this suit in the chancery court of Richmond, in which he sues for himself and two other first-class creditors. The bill seeks to set up the deed, and asks the court to carry it into execution by appointing a receiver, etc. The bill makes the trustee in the deed and the insolvent firm, Buek & Hoff, who are citizens of Virginia, defendants of record by name; and asks the court to convene all the creditors of both the classes described in the deed before a commissioner, with a view to the ascertainment of their claims, and the distribution of the funds that shall be realized, according to the provisions of the deed.

The deed was executed on first June, 1886, and the bill of Meissner filed on the second of the same month.

Without notice to any creditor in adverse interest to the provisions of the deed, a receiver was appointed on the same day. The deed conveyed to the trustees all the insolvent firm's property, of whatever name and character; and the court, in converting by its order the trustee of the deed into its own receiver, took into its custody all the property of the insolvent defendants. On the nineteenth day of June the Case Manufacturing Company filed its cross-bill in the suit, and an order was entered by the chancery court allowing this to be done, and remanding the cross-bill to rules. On the twenty-first day of June, this corporation appeared again in court and asked leave to file a supplemental and amended cross-bill, and at the same time presented a petition for the removal of the suit to this court. After these motions were made, and at the same sitting of the chancery court, the order of the nineteenth inst. was revoked, and the cross-bill was dismissed by that court, the court at the same time denying the petition for removal. This action made it necessary that the suit should be brought here by a writ of *certiorari*.

I believe the only ground on which it is contended that the petition of the Case Manufacturing Company was not a proper proceeding for the removal of the suit is that this company was not a party defendant to Meissner's bill. If it was a defendant, there can be no doubt that it was competent for the Case Manufacturing Company to file a petition for removal. As before said, the original bill in this suit prays that the provisions of the deed of the insolvent firm may be carried into execution, and that their creditors shall be convened for that purpose. It thereby practically makes all the creditors who may not come in as joint plaintiffs parties defendant, and they are substantial defendants, whether named of record or not.

The Case Manufacturing Company, being a large creditor, is a defendant in interest adversely to the deed; and, as such, had a right to be made so of record on application to the court; and the plaintiffs' omission to make it so in the bill, by name, whether by design or not, could not deprive this large creditor of that right. It took steps to be made a party defendant of record, and the mode of doing so which it was advised to pursue was by cross-bill. Whether that was the proper method to choose of obtaining all the redress sought does not matter. It was, at least, sufficient to the purpose of making the Case Manufacturing Company a party defendant to the suit of Meissner. A cross-bill is in its nature nothing more than an answer to the original bill, except that, inasmuch as it shows ground for a relief not prayed for in the original bill, it must itself annex to the answer a prayer for the relief which it seeks to obtain.

The answer or cross-bill of the Case Manufacturing Company, filed in this cause, sets out matter of defense, which, if true, may defeat the prayers of the original bill; and it therefore, of logical necessity,

contains the prayer for affirmative relief, which makes it something more than an answer to the bill,—which makes it a cross-bill. But the affirmative prayer does not change the relation of the Case Manufacturing Company to the original bill, or destroy the character of its answer as an answer to the original bill; and this answer, with a prayer for affirmative relief annexed, does not terminate the relation of this defendant to the suit in chief. If the original bill had sought other relief than the setting up of the deed, the Case Manufacturing Company would have been simply a defendant, and it is only what this company alleges to be the vicious prayers of the bill that have made it necessary for the company to supplement what would have been its answer with matter that makes it more than an answer,—that makes it a cross-bill. A cross-bill, such as this, is, in the language of a standard authority, "a mere dependency, and part of the original suit." In the language of another authority, "it so incorporates itself with the original suit that, if the cross-bill were set for hearing, the effect is to set the original cause also for hearing." It is such a pleading that, as said by the court in *Ex parte Railroad Co.*, 95 U. S. 225, "upon appeal or writ of error, the appellate court would proceed upon both bills as one proceeding."

In the present case the cross-bill is a mere pleading in the original suit,—such a pleading as the prayer of the original bill made it necessary for creditors objecting to the deed of the insolvent defendants to file; and to say that these objecting creditors must go out of the court having custody of all the effects of the insolvents, and institute another proceeding, is to require them to fire into the air, and would be to leave the plaintiff in the suit, by having prayed for what far the larger portion of the creditors vehemently oppose, to take advantage of his own wrong, effectuated by means of an ingenious bill.

In reference to the competency of a cross-bill in this case, it was held in *Carnochan* v. *Christie*, 11 Wheat. 446, 467, that where a bill is filed to set aside a conveyance, the conveyance cannot be carried into execution without a cross-bill by a defendant. The converse of that proposition is true, namely: that, where the original bill seeks to carry a conveyance into execution, the conveyance cannot be set aside without a cross-bill by a defendant. Such a cross-bill is the one now before the court. The principal question in the suit under consideration is whether the deed shall be carried into execution or set aside. A cross-bill is necessary to having the cause fully before the court, and is therefore a necessary part of this suit. It is only as a part of this suit that it could effect anything in preserving the rights of the Case Manufacturing Company, and other creditors objecting to the deed. Being a part of the original suit, and a necessary part of it, as concerns the rights of objecting creditors, and the act of March 3, 1875, having provided that any *suit* in which there is a *controversy* between citizens of different states may be removed on petition by a plaintiff or defendant from a state court into the circuit

court of the United States, this suit was removable to this court, and was removable on the petition of the Case Manufacturing Company. I will so decree.

Judge BOND concurs in the ruling of the court, but has not seen this opinion.

### DECREE.

This day came the defendants, by counsel, and moved the court to remand this cause to, the chancery court of the city of Richmond, Virginia, and after argument, and upon consideration thereof, for reasons stated in writing and filed as a part of the record, it is ordered that the said motion to remand be, and the same is hereby, overruled; and the cause is hereby retained, to be further proceeded with in this court according to the rules of chancery practice.