[No. 14515.   In Bank. — May 7, 1892.]

## FENTON R. McCREERY, Appellant, *v.* C. M. WELLS, Respondent.

Money Had and Received — Investment with Plaintiff's Consent — Violation of Trust. — Where the evidence shows without conflict that the defendant received authority from the plaintiff's father to invest in a cheap land pool a certain sum which the father had of the son's money, in regard to which pool the plaintiff's father had been advised by a letter from the defendant, and that the plaintiff acquiesced in the investment made, the plaintiff cannot maintain an action for money had and received for the recovery of the money invested, but can only claim his proportionate share of the property purchased, although it was turned over by the defendant and another trustee to a corporation without plaintiff's consent, and in violation of their trust.

Id. — Finding against Evidence — Receipt of Money — Harmless Error. — A finding that the defendant did not receive plaintiff's money, though contrary to the evidence, is harmless, where it appears that if the fact had been found the other way, still plaintiff could not recover.

Aᴘᴘᴇᴀʟ from an order of the Superior Court of Los Angeles County denying a new trial.

The facts are stated in the opinion.

*Brousseau & Hatch,* for Appellant.

*Anderson, Fitzgerald & Anderson,* for Respondent.

Fooᴛᴇ, C.—The plaintiff sues to recover five thousand dollars and interest from the defendant.

It is alleged in the complaint that the defendant, on the 4th of November, 1887, received five thousand dollars of the plaintiff's money, to be invested for the latter in lands of the California Cheap Land Pool; that the defendant did invest the money in that pool, and in some lands or other investments, but not to the use and benefit of the plaintiff, but in the name of the defendant and for himself; that the plaintiff has demanded his money thus invested in the name of the defendant, and has not received it or any part of it, or anything for and on account thereof.

For a second cause of action, it is alleged that the five thousand dollars came into the possession of the defendant for and on account of the plaintiff, and as his property, and that it still is held in trust for the plaintiff by the defendant; that the defendant has been called on by the plaintiff for an accounting for that sum of money, and that it be returned and paid to the plaintiff with interest from the 4th of November, 1887, to which demand the defendant has failed and refused to accede, or to pay anything to the plaintiff, and that the defendant still retains it for and on account of the plaintiff; that the latter is entitled to the return of the money and interest, and therefore judgment is demanded, etc.

The answer denies these allegations. The cause was tried by the court, and resulted in a judgment for the defendant. A motion for a new trial was made and denied; from the order made in that behalf this appeal is taken.

The findings are assailed as being unsupported by the evidence; they read thus: —

"1. The defendant did not receive the sum of five thousand dollars, or any sum of the money or property of plaintiff at any time, for the purpose of investing the same in any lands, or for any purpose, or at all; but the said five thousand dollars was received by parties other than the defendant, for the purpose of investing the same in said lands.

"2. That defendant did not invest said money, or any money, of the plaintiff to his, the defendant's, use or benefit, in any manner, or at all; that said sum of five thousand dollars was invested for the benefit of and on account of plaintiff in lands of the California Cheap Land Pool, and plaintiff derived the benefit and use of said investment of said five thousand dollars.

"3. That defendant has never received or come into possession of five thousand dollars, or any sum, belonging to, or for, or on account of plaintiff, and has not held any money in trust for plaintiff, and did not and does not retain the same on account of or to the use of plaintiff.

"4. That plaintiff is not entitled to said or any sum of money, or to have the same returned to him from the defendant."

From these findings, this conclusion of law is declared: "That the plaintiff is not entitled to any relief against the defendant, and defendant is entitled to a judgment that plaintiff take nothing, and for his costs."

The facts of the case, about which there is neither question or conflict, are, among others, that the defendant received authority from the plaintiff's father to invest a certain five thousand dollars, which the father had of the son's money, in a certain cheap land pool, about which the father had been advised by a letter from the defendant. And in pursuance of this arrangement, the defendant drew a draft on the father, and sent it for collection through a bank in Los Angeles, of which one Arnold was cashier, as also a member, as was the defend-

ant, of this cheap land pool. The money, when collected, was directed by defendant to be placed to the credit of Arnold as treasurer of this land pool. When the draft was paid, its proceeds were accordingly placed to the credit of Arnold, and were invested according to the original directions of the father in the purchase of certain contracts for the purchase of lands, which contracts were taken in the name of Arnold and the defendant. The plaintiff then came to Los Angeles, and seemed to acquiesce in this disposition of his money, which we think beyond all question was, in fact, invested for him by the defendant, even although he may not and did not actually take the money into his hands or pay it out; for what was done with it was certainly done by his direction. Then, for certain reasons, the plaintiff became dissatisfied, and wanted the land pool to turn over certain of the lands to him as his own. This they would not consent to do, and finally, by a vote of the members of the pool, except the plaintiff and one Crawford, they formed a corporation, and Wells, the defendant, and Arnold, against the consent of the plaintiff, transferred the land contracts — that is, equities in lands which they had in their own names individually, but really as trustees for all the pool members — to this new corporation, and issued stock, in certain proportions, to all the members who accepted it, but as the plaintiff would not agree to the incorporation or transfer, or consent to the acts of Wells, the defendant (who all the while up to the final transfer held the equitable interest in these lands which the plaintiff's money had purchased in his, Wells's, own name, in conjunction with Arnold as trustees for the plaintiff), the proportion of stock which would otherwise have been the plaintiff's was issued to the defendant.

Plaintiff's money having been invested in the pool by his consent, his right was to his proportionate share of the property purchased by them, and held by Arnold and Wells as his trustees. If Wells, or Arnold and Wells, have, in violation of their trust, — a question which we

are not now called upon to decide,—turned the property over to a corporation, he or they are responsible to plaintiff for such violation of their trust, but not for the money invested in good faith in obedience to plaintiff's orders, and this suit, which is substantially an action for money had and received, cannot be maintained.

The finding that Wells did not receive plaintiff's money, though contrary to the evidence, is harmless, for supposing that fact to have been found the other way, still plaintiff could not recover.

From this it follows that the order should be affirmed.

Temple, C., and Belcher, C., concurred.

The Court.— For the reasons given in the foregoing· opinion, the order is affirmed.