KOCH v. SUMNER.

MECHANICS' LIENS—BILL TO FORECLOSE—CROSS-BILL — RIGHT TO
MAINTAIN—EQUITY.

On a bill to foreclose a mechanics' lien the defendant may
maintain a cross-bill to recover the damages sustained by
claimant's failure to perform according to contract; that
there is no express authority for such procedure in the lien
law is immaterial, the authority being incident to the juris-
diction in such cases and flowing from the general power of
equity to settle all disputes between the parties relative to a
subject-matter of which it has jurisdiction.

Appeal from Washtenaw; Kinne, J.   Submitted June
6, 1906.   (Docket No. 17.)   Decided July 23, 1906.

Bill by John Koch and Christian Koch, copartners as
Koch Brothers, against May B. Sumner, and others, to
enforce a mechanics' lien.   Defendant Sumner filed an
answer in the nature of a cross-bill asking for an account-
ing.   From an order overruling a demurrer to the cross-
bill, complainants appeal.   Affirmed.

*Arthur Brown* and *Edson R. Sunderland*, for com-
plainants.

*A. J. Sawyer & Son*, for defendant Sumner.

MOORE, J.   Complainants seek by bill to foreclose a
mechanic's lien for the making of improvements and
repairs upon the defendant's dwelling house.   The bill
prays:

*First*, for an accounting; *second*, a lien upon the prop-
erty for the amount found due; *third*, a decree against
defendant May B. Sumner, and sale of the property upon
default of payment; *fourth*, in case of sale, that all per-
sons claiming through or under the defendant after the
commencement of suit shall be forever barred; *fifth*, for
other and further relief.

The defendant answered charging failure to perform the contract and damages accruing by reason thereof, and alleges the payments of $191.70 and $50 more than complainants credited her; denies most of the claim for extras; denies that anything is due to the complainants, and, by cross-bill, charges that she was presented with a plan showing additions, alterations, and improvements which she desired made, with specifications and drawings, which formed a part of the contract, and also a written contract which she signed; charges a failure of complainants to complete the contract, by reason of which she suffered damages, stating them at length, and prayed for relief as follows: (*a*) That the complainants shall come to a just and fair accounting with this defendant for each and every failure to conform with the provisions of their said contract, plans, drawings, and specifications, and that the just amount due to this defendant from the said complainants by reason of such failure shall be ascertained and a decree rendered in her favor against said defendants therefor; (*b*) that the bill of complaint in this case shall be dismissed with costs to this defendant. Then followed a prayer for general relief.

The complainants demurred to the cross-bill, for the reason that the answer in the nature of a cross-bill is not authorized by the lien law, in that the defendant seeks thereby to recover a decree against the complainants for damages, which she alleges she has sustained in excess of the complainants' demand. The court overruled the demurrer, and the case is brought here by appeal.

Counsel say:

"The rights of parties in actions to enforce mechanics' liens are created by statute, and no proceedings unauthorized by the statute can be had in actions brought thereunder. As this court has said in *Sterner* v. *Haas*, 108 Mich. 489:

"'The lien law is in derogation of the common law, and all rights under it are statutory, and cánnot be extended beyond the provisions of the statute.'

"Hence, to determine the propriety of the cross-bill filed herein, it is necessary to look at the statute. The only provision in the lien law, authorizing the court to render a personal decree of any kind, is section 14, which is section 10723 of Miller's Compiled Laws, and it reads as follows:

"'Upon final decree the court may order a sale of the buildings or machinery separate, or the lands, buildings, machinery, structure or improvements, together, by a circuit court commissioner or receiver, or may order the property into the hands of a receiver to be leased or rented from time to time under the direction of the court until the liens shall be discharged, or make such other order or disposition of the premises as justice may require. If upon the coming in and confirmation of the final report any portion of the liens shall still be unpaid, the court may enter personal decree for the same against the party who may be personally liable therefor, and execution shall issue for the same as upon other personal decrees rendered by the court.'

"This statute authorizes no personal decree whatever except a decree for a deficiency in favor of the contractor, subcontractor or materialman, and authorizes this only after the property has been exhausted. The proceeding under the lien law is primarily a proceeding in rem, to charge certain specific property with the debt. The debt being proved by the lien claimant, the court must proceed against the property by ordering a sale or other suitable disposition thereof; and it is only after such resort to the property, and after exhausting the remedy as a proceeding in rem, that a decree in personam can be made. Unless the complainant can show a valid claim against the property as such, he has no standing in court."

It is then argued that, as the statute does not authorize a decree in favor of defendants, the cross-bill cannot be entertained, citing cases.

The question involved has never been directly before this court. A case quite in point is *Springfield Milling Co.* v. *Manufacturing Co.* 81 Fed. 261. We quote from the opinion as follows:

"The office of a cross-bill is either to warrant the grant of affirmative relief to the defendant in the original suit, to obtain a discovery in aid of the defense in that suit, to enable the defendant to interpose a more complete defense

than that which he could present by answer, or to obtain full relief to all parties, and a complete determination of all controversies which arise out of the matters charged in the original bill.   The fact that the cross-bill fairly tends to accomplish either of these purposes is generally a sufficient ground for its interposition.   It must seek equitable relief; but, subject to this qualification, a complainant who has brought a defendant into a court of equity in order to subject him to an adjudication of his rights in a certain subject-matter cannot be heard to say that there is no equity in a cross-bill which seeks an adjudication of all the rights of the parties to the original suit in the same subject-matter.   The issues raised by the cross-bill must be so closely connected with the cause of action in the original suit that the cross-suit is a mere auxiliary or dependency upon the original suit, but subject to this qualification, new facts, and new issues may properly be presented by a cross-bill.   Story on Equity Pleadings, §§ 398, 399; 1 Beach on Modern Equity Practice, §§ 433, 435; *Carnochan* v. *Christie*, 11 Wheat. (U. S.) 446; *Cross* v. *De Valle*, 1 Wall. (U. S.) 5; *Ayres* v. *Carver*, 17 How. (U. S.) 591, 595; *Meissner* v. *Buek*, 28 Fed. 161, 163; *Chicago, etc., R. Co.* v. *Third Nat. Bank*, 134 U. S. 276; *Davis* v. *Christian Union*, 100 Ill. 313; *Cartwright* v. *Clark*, 4 Metc. (Mass.) 104; *Derby* v. *Gage*, 38 Ill. 27; *French* v. *Griffin*, 18 N. J. Eq. 279; *Graham* v. *Berryman*, 19 N. J. Eq. 29; *Wickliffe* v. *Clay*, 1 Dana (Ky.), 585, 589; *Allen's Ex'r* v. *Roll*, 25 N. J. Eq. 164; *King* v. *Insurance Co.*, 45 Ind. 43.   Thus, in a suit to cancel deeds made to secure a debt, the defendant may maintain a cross-bill to reform the deeds, and to foreclose the mortgage which they evidence.   *Carnochan* v. *Christie*, 11 Wheat. (U. S.) 446, 466.   If an original bill is filed for specific performance of a contract, the defendant may properly exhibit a cross-bill for the surrender and cancellation of the agreement.   *Cross* v. *De Valle*, 1 Wall. (U. S.) 5, 14; *Meissner* v. *Buek*, 28 Fed. 161, 163. Where a suit in equity is instituted to vacate or set aside a lien upon property by judgment, mortgage, or otherwise, the defendant may maintain a cross-bill to establish and foreclose the lien.   *Railroad Cos.* v. *Chamberlain*, 6 Wall. (U. S.) 748; *Chicago, etc., R. Co.*, v. *Third Nat. Bank*, 134 U. S. 276, 287, 288.   The converse of this proposition is equally true.   When an original suit is brought to establish and foreclose a lien upon the property of the de-

fendant, he may properly exhibit a cross-bill in that suit for the avoidance of the lien, and the cancellation and discharge of the record of it, which clouds his title.  *Graham* v. *Berryman*, 19 N. J. Eq. 29; *Wickliffe* v. *Clay*, 1 Dana (Ky.), 589.   This is the case which this record presents.   The appellee filed in the proper public office a claim of a lien upon the property of the appellant for more than $5,000 on account of materials it had furnished and services it had rendered in remodeling the appellant's mill, pursuant to a contract between the parties.   It then brought this suit to establish and foreclose that lien.   The appellant exhibited its cross-bill in that suit for the cancellation of that lien and its discharge of record.   The allegation of the existence of the mechanic's lien and the prayer for its foreclosure constitute the only ground for equitable relief presented by the original bill.   The allegations of the cross-bill that the debt claimed in the recorded statement of the lien did not exist; that the appellee was a nonresident of the State of Missouri, and without the jurisdiction of the court; that it had so failed to fulfill the guaranties of its contract that the mill it remodeled was worth $10,000 less than it would have been if the contract had been complied with; that the appellee had wasted wheat of the appellant worth $2,000 in useless experiments with its plansifters, and had racked and weakened the walls of the mill—together with its prayer that the pretended lien might be canceled and discharged of record, certainly presented equities much stronger than those exhibited by the original bill, and brought the cross-bill within the established precincts of equity jurisdiction.   The owner of property may always maintain a suit in equity to clear the record of its title of invalid liens that apparently cover it, and there is much stronger reason for permitting him to do so by a cross-bill when the holder of the pretended lien has sued him to enforce it.   It is idle to argue that this appellant had an adequate remedy at law for the wrongs it pleads in the cross-bill.   It could obtain no decree of cancellation of the lien upon its property at law. It could not even maintain an action at law until it followed the appellee beyond the jurisdiction of the court of its residence into the State of Illinois.   Does equity require a defendant who has a defense, counterclaim, or set-off, to pay a debt secured by a lien upon its property to sit quietly by and see the lien foreclosed and his property sold because he can enforce his claim against the com-

plainant in an action at law in another jurisdiction ? The remedy at law which precludes relief in equity must be ' as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' *Boyce's Ex'rs* v. *Grundy*, 3 Pet. (U. S.) 210, 215; *Oelrichs* v. *Spain*, 15 Wall. (U. S.) 211, 228; *Preteca* v. *Land Grant Co.*, 1 C. C. A. 607, 610; *Foltz* v. *Railway Co.*, 8 C. C. A. 635, 641; *Hayden* v. *Thompson*, 17 C. C. A. 592, 594. Would an action at law against the appellee in the State of Illinois, in addition to the suit in equity brought by the appellee in the State of Missouri, be as practical and efficient for the prompt administration of justice between these parties as the presentation and adjudication of all the controversies between them growing out of the contract in the single suit which the appellee brought in Missouri ? These questions are susceptible of but one answer.

"It is urged that the only claims presented by the cross-bill that were not pleaded in the answer of the appellant to the original bill were those for the waste of the wheat, and the injury to the walls of the mill; that these could not be considered in equity, and hence the cross-bill was properly dismissed. The answer is: (1) The cross-bill repleaded the defenses in the answer and prayed for affirmative relief—the cancellation of the record of the lien. Those defenses, if sustained, warranted that relief, regardless of the claims for damages for the waste of the wheat and for injury to the walls of the mill, and a cross-bill which warrants affirmative relief upon the same facts pleaded as a defense in the answer to the original bill is well founded. (2) The statutes of the State of Missouri provide that in any civil action, whether at law or in equity, a defendant may plead and prove as a counterclaim any cause of action, whether legal or equitable, which arises out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim. Rev. Stat. Mo. 1889, § 2050. Under this provision of the statutes, a counterclaim for damages for injuries to property in the performance of services may be maintained in an action for their price or value. *Emery* v. *Railway Co.*, 77 Mo. 339, 346. If the appellee had brought this suit in one of the State courts of Missouri, the appellant's claim for wasted wheat and damage to the walls of its mill could have been pleaded and proved as a counterclaim. One of the grounds of jurisdiction in equity is the prevention of a multiplicity of suits. The

court below, sitting in equity, had taken jurisdiction of the parties and of the subject-matter of this action for a necessary purpose—for the purpose of determining the validity of the lien claimed, and of enforcing or canceling it. No reason occurs to us why that court could not have heard and determined the appellant's claims for wasted wheat and for injured walls as well as any court of law in the State of Illinois. It was not necessary to a just determination of those claims to compel the appellant, who had been summoned into that court to answer the claim of the appellee for the performance of this contract, to commence and prosecute an action at law in the State of Illinois to recover its damages for the incomplete or negligent fulfillment of the terms of the same contract. It is the province and the duty of a court of equity, which has properly acquired jurisdiction of a subject-matter for a necessary purpose, to proceed and do final and complete justice between the parties, where it can as well be done in that court as by proceedings at law. *Tayloe* v. *Insurance Co.*, 9 How. (U. S.) 390, 404; *Illinois Trust & Savings Bank* v. *Arkansas City*, 22 C. C. A. 171. The cross-bill, therefore, should not have been dismissed without a hearing of the issues it presented, and the claims pleaded in it should have been considered and decided upon their merits. It prayed for affirmative equitable relief that was warranted by its allegations, and it enabled the court to grant full relief to all the parties to the original suit, and to completely determine all the controversies which arose out of the matters charged in the original bill, while this could not have been done upon a hearing of the issues presented by the answer."

We have not overlooked the suggestion of counsel that:

" The Missouri lien law makes actions to enforce mechanics' liens identical with ordinary civil actions (Rev. Stat. 1899, § 4210), and the Missouri code of civil procedure has abolished all distinctions between actions at law and suits in equity (Rev. Stat. 1899, § 539)."

A reading of the opinion will show however that it did not go off upon that point but upon the general proposition that it is the duty of a court of equity which has properly acquired jurisdiction of the subject-matter, and of the parties to do final and complete justice in relation

thereto. This is no new doctrine in this State. It was announced as long ago as *Whipple* v. *Farrar*, 3 Mich. 436. See, also, *Miller* v. *Stepper*, 32 Mich. 194; *Wallace* v. *Wallace*, 63 Mich. 326; *Drayton* v. *Chandler*, 93 Mich. 383; *In re Axtell's Petition*, 95 Mich. 244; *George* v. *Electric Light Co.*, 105 Mich. 1; *McLean* v. *McLean*, 109 Mich. 258. In *Convis* v. *Insurance Co.*, 127 Mich. 616, the doctrine was restated by Justice GRANT as follows:

"When a court of equity has jurisdiction for one purpose, it may retain jurisdiction to settle all disputes relating to the same subject-matter between the parties to the suit."

The complainant having brought the parties and the subject-matter into the chancery side of the court, we can see no good reason why all the questions in dispute between the parties in relation to the subject-matter should not be finally settled.

The decree is affirmed, with costs.

CARPENTER, C. J., and McALVAY, GRANT, and HOOKER, JJ., concurred.