[Civ. No. 2306. First Appellate District.—February 2, 1918.]

## W. W. HOUGH et al., Respondents, v. GEORGE A. FERGUSON et ux., Appellants.

VENDOR AND VENDEE—FRAUD—WAIVER.—In an action for the foreclosure of a mortgage given in a transaction involving an exchange of properties, the defendants cannot claim that they were induced to make the exchange by reason of the fraudulent representations of the plaintiffs, where they examined the property at length and with great care before making the exchange, lived on it for several months, received extensions of time on payments due on the mortgage, and plowed the land and discovered that it was of poor quality within less than one month after the deal was closed.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Henry Hawson, and John A. Wall, for Appellants.

Barnard & Watters, and Harris & Hayhurst, for Respondents.

BEASLY, J., *pro tem.*—This is an action to foreclose a mortgage. In April, 1912, the plaintiffs were the owners of the 893 acres of land in Fresno County on which they seek to foreclose. They exchanged this land with defendants for land in San Bernardino County, and as a part of the transaction took from the defendants this mortgage. This action was begun over eighteen months after the mortgage was given. The defendants filed a cross-complaint, in which they allege that they were defrauded by the plaintiffs in said exchange of lands. The trial court found against the defendants on

all of the issues made by the cross-complaint, and these findings are attacked on the ground that they are not sustained by the evidence. Conceding that this criticism is just as to some of the findings, still, as was said in *McCreery* v. *Wells,* 94 Cal. 485, [29 Pac. 877], "A finding against evidence is not always ground for reversal. Thus it is not prejudicial error to make a finding against evidence in a case where the appellant could not have recovered judgment even if the finding had been the other way." We think the principle there announced is to be given application to this case. Examining the record with this rule in mind, the following circumstances are disclosed thereby.

The fraudulent misrepresentations by which the defendants claim they were induced to make the exchange of properties consisted of statements as to the productivity of the soil of the Fresno County tract, and in particular a statement that a certain designated part of it was subirrigated by seepage from the San Joaquin River, which forms one of its boundaries. The court found that Hough, who was charged with making these misrepresentations, did not do so; and it cannot be said that the evidence, taken as a whole, is not susceptible of this construction; in fact, it seems to us that the trial court was fully justified in so finding. There is other evidence to which the court could hardly have given any other meaning than that embodied in the findings which support the judgment. For example, the court found that both defendants examined this property at length and with great care before the trade was made, and that they were not hindered in any way while doing so. The court also found that the defendants lived on the property for many months, and, being in default in their payments on the mortgage, applied to plaintiffs for and received extensions of time on such payments. By so doing after they had been put upon notice of the alleged fraudulent character of the representations which induced them to enter into the transaction, they were precluded from later raising the question of fraud. Bearing on this point is the fact that among the misrepresentations charged were those as to the fertility and character of the land received by the defendants in the exchange. Their testimony shows that immediately upon taking possession of the property, and within less than one month after the deal was closed, they began plowing the land, and discovered that it

was dry, porous, sandy, and of poor quality; indeed, that it was so devoid of moisture that they could not plow. This fact alone should have put them upon inquiry as to the truth of the main misrepresentation upon which they claim to have relied, namely, that the lands were subirrigated from the waters of San Joaquin River. There seems, indeed, to have been no excuse for not instituting their inquiry at this time. The only one which they attempt to offer is that Hough, upon his attention being called to this condition of the land, informed them that it was a very dry year and that they must wait for subirrigation until a dry creek, known as Sand Creek, running through the property, should flow. So flimsy an excuse for so important a condition would have caused any reasonable person, situated as the defendants claim they were, to make an immediate investigation as to the truth of the matter; and this is still more apparent when we consider that the defendants (who it should be mentioned were husband and wife) emphatically testified that their sole purpose in leaving San Bernardino County to come to Fresno County was to secure land which would need no irrigation whatever. There was much other evidence, a portion of which was that one of the sons of the defendants was employed in the office of the real estate agent with whom Hough had listed his property and who showed the property to the defendants; that another son looked the property over carefully before the exchange was made; that during the negotiations the defendants discussed with Hough the possibility of securing water from the well of a neighbor for irrigation; that Mrs. Ferguson made independent inquiries and received independent advice from other people than Hough before she closed the deal. Of course, much of this evidence was contradicted; but it seems to us not only that the judgment is sustained by this evidence, but that the trial court could hardly have reached any other conclusion in the case.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 4, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1918.