[Civ. No. 4656.   Second Appellate District, Division One.—December
23, 1926.]

## G. W. BALL et al., Respondents, v. L. L. WARNER et al., Appellants.

[1] EVIDENCE—WAIVER—INTENT.—Waiver is largely a question of intent and its determination frequently rests upon deeds rather than words.

[2] VENDOR AND VENDEE—FRAUD OF VENDOR—PERFORMANCE BY VENDEE AFTER KNOWLEDGE OF FRAUD—WAIVER—ESTOPPEL.—Where the vendee, after knowledge of the vendors' misrepresentation of the capacity of a well, requested modification of the contract for payment of subsequent installments of principal and interest, to which the vendors acceded although not bound to do so, his continued performance of the contract for a period of over four years amounted to a ratification of it and a waiver of any claim for damages arising out of the fraud of the vendors; and, under such circumstances, the vendee is estopped from raising the question of fraud in an action by the vendors to foreclose a mortgage given by the vendee as security for a promissory note executed by him as part of the purchase price of a farm.

[3] ID. — DAMAGES — FINDINGS. — In such action, where the vendee waived the fraud of the vendors in misrepresenting the capacity of the well, with its resultant damage, no necessity existed for making a finding as to the issue of damages.

(1) 40 Cyc., p. 261, n. 10, p. 263, n. 20.   (2) 39 Cyc., p. 1293, n. 49, p. 1294, n. 53, 57.   (3) 38 Cyc., p. 1969, n. 99, 2.

APPEAL from a judgment of the Superior Court of Riverside County.   Wm. H. Ellis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

C. W. Benshoof and O. K. Morton for Appellants.

Sarau & Thompson for Respondents.

HOUSER, J.—This is an appeal from a decree of foreclosure of a mortgage on real property which was security for a promissory note.

1.   See 25 Cal. Jur. 928, 932; 27 R. C. L. 910.
2.   See 25 Cal. Jur. 561.

The essential facts are that on May 21, 1917, the plaintiffs sold to appellants Warner certain real and personal property for the sum of $8,000, of which amount $2,000 was paid in cash, and a part of the balance, to wit, $5,000, secured by mortgage on the land, and the remainder thereof, to wit, $1,000, by chattel mortgage on the personal property. On June 13, 1917, the appellants Warner sold said property, subject to said mortgage, to the defendant Kamphefner. On August 29, 1917, defendant George D. Kamphefner acquired all the interests in the property belonging to the other defendants Kamphefner, and on the same day, for a consideration of $5,500, resold to defendant L. L. Warner an undivided one-half interest in the property, and ever since said twenty-ninth day of August, 1917, the said Kamphefner and the said Warner have been operating all of the property together and sharing the profits therefrom.

The sum of $1,000 secured by the chattel mortgage was paid; but the sum of $5,000 secured by the mortgage on the real property, together with interest due thereon from November 21, 1920, to May 21, 1921, not having been paid, a suit to foreclose the mortgage was commenced approximately four years after the property was originally sold to defendant L. L. Warner. That part of the affirmative defense of the defendants Warner which is of material consequence on this appeal, in substance, is that in the negotiations between the plaintiffs and the defendants Warner leading up to the original sale of the land, the plaintiff George W. Ball "falsely and fraudulently told and represented to defendants Warner that there was a well on said property and that said well would produce 65 inches of water continuously for irrigating purposes, but that in truth and in fact said well never furnished over 15 inches of water, continuous pumping."

During the course of the trial the plaintiffs filed a supplemental answer to the several affirmative defenses set up by the defendants, which answer included allegations to the effect that by certain actions and conduct of the defendants they had waived the fraud with which the plaintiffs were charged, and that thereby and therefrom the defendants were estopped to raise the question of fraud as against the plaintiffs.

On the trial of the action the plaintiffs admitted that in no event could a deficiency judgment be rendered against any of the defendants other than defendants Warner.

In effect the court found that the material allegations of the complaint were true; that the facts sustaining defendants' affirmative defense of fraud were true; but that because of certain acts and conduct of said defendants the said fraud of the plaintiffs was waived and defendants were thereby estopped from in any manner raising the question of fraud or misrepresentation.

From the resultant judgment the defendants Warner have appealed to this court. While many different reasons are suggested by appellants for a reversal of the judgment, each of them is dependent upon the one question of whether there was a waiver by defendants of the fraud of the plaintiffs. As is stated by appellants in their brief: "The only point, therefore, necessary to be considered on the part of the defendants Warner on this appeal is, did Warner waive the fraud? If he did waive it, then he has no right of action against the plaintiff."

Although the evidence is somewhat conflicting, for the purpose of enabling the trial judge to determine the finding of facts tending to establish the alleged waiver, it sufficiently appears that the interest due on the note in November, 1917, was promptly paid; that when the next interest payment became due, defendant L. L. Warner requested of plaintiffs an extension of time within which to make such payment—which request was granted; that at the time when the succeeding interest payment fell due in November, 1918, defendant L. L. Warner asked of the plaintiffs that, instead of paying the interest in cash, he be permitted to make payment in straw—to which request plaintiffs acceded and credited interest as paid to the amount of $117.07—the value of the straw; and that approximately two weeks after the note for $1,000 became due, because of the fact that at that time the grain crop raised on the property had not been sold by defendants, L. L. Warner asked plaintiffs for an extension of time within which to pay said note—which request was also granted.

It also appears directly from the testimony of defendant L. L. Warner that almost immediately after the property was purchased by him from the plaintiffs he saw the defendants

Kamphefner unsuccessfully "trying to irrigate" a little garden by the use of the irrigating well on the property. He testified in part: "They would start the pump and it would run for a while, and the water would run about two or three hours and then stop. It would pull down to the limit of suction and quit."

And in answer to a question as to whether any test was made prior to the fall of 1918 to find out how much water the well would furnish, defendant L. L. Warner testified: "We never made any test, but in everyday pumping it would furnish but very little water."

The testimony given by defendant L. L. Warner further shows that he was an experienced farmer and that for two years preceding the purchase by him of the property involved herein he "had quite a little to do with water and the measurement of water as zanjero" for two different water companies.

It is thus clear that defendant L. L. Warner had actual knowledge, or at least that he was in position to acquire complete information regarding the capacity of the irrigating well in question long before any payment, whether on account of the principal or the interest on his indebtedness to the plaintiffs, became due; notwithstanding which fact he made several requests for modifications of the contract for payment of subsequent installments of principal or interest and as to each of which he was accommodated.

[1] Although waiver is largely a question of intent, its determination must frequently rest upon deeds rather than words. [2] In the instant case defendant L. L. Warner, being in full possession of every fact necessary to establish the misrepresentation of plaintiffs, in effect indicated that he regarded it of no material consequence. It would seem that in such circumstances, by his continuing to perform the contract at least in part for a period of over four years, he ratified it; and by his repeated requests for modifications thereof and his being accorded favors by the plaintiffs which he had no legal right to exact and to which requests plaintiffs were not bound to accede, a waiver of any claim for damages arising out of the fraud of plaintiffs necessarily followed.

While general definitions and abstract statements of the law may undoubtedly be found tending to support ap-

pellants' contention that the acts and general conduct of defendant L. L. Warner were not such as to warrant the conclusion that, with knowledge of the facts constituting the alleged fraud, he had deliberately and intentionally waived the fraud, together with the resultant damage to him, no authority in which facts analogous to those here under consideration were present has been attracted to the attention of this court. On the other hand, numerous authorities, both in this state and elsewhere, arising under facts similar in many respects to those involved in the instant case, attest the principle that in circumstances like those here present a waiver necessarily results.

In the case of *Schmidt* v. *Mesmer*, 116 Cal. 267 [48 Pac. 54], the plaintiff sought to recover damages for an alleged false and fraudulent representation made by the defendant to the plaintiffs with respect to a certain lease executed between the parties. It appears that after the expiration of more than one year subsequent to the time that the plaintiffs acquired knowledge of the fraud practiced upon them, without giving to the defendant any intimation of the alleged fraud, they asked to have the rent of the premises reduced, and later solicited and obtained an extension of the time for the payment of the rent; also, that the plaintiffs failed to pay the rent as in the lease provided. In holding that the plaintiffs had thus waived the fraud, the supreme court cites several authorities and lays down the rule that "if, after his knowledge of what he claims to have been the fraud, he elects not to rescind, but to adopt the contract and sue for damages, he must stand toward the other party at arm's length; he must on his part comply with the terms of the contract; he must not ask favors of the other party, or offer to perform the contract on conditions which he has no right to exact, and must not make any new agreement or engagement respecting it; otherwise he waives the alleged fraud."

In *Doherty* v. *Bell*, 55 Ind. 205, 208, cited in the case of *Schmidt* v. *Mesmer, supra,* it is said: "If the appellee, with full knowledge of all the facts, . . . agreed to pay the note, provided a certain extension of time was allowed him, and in consideration thereof, such an extension was given him, we must regard him as having ratified the execution of the

note, and as having waived whatever objection or defense he may have had to the manner of its execution."

In *Negley* v. *Lindsay*, 67 Pa. St. 217, 227 [5 Am. Rep. 427], the statement is made, quoting Judge Baldwin in a certain case, that "if, after a party has acquired a knowledge of facts tending to affect a contract with fraud, he offers to perform it, on a condition which he has no right to exact, he thereby waives the fraud, and cannot set it up in an action on the contract. This, said he, is a waiver of the objection to the contract on the ground of fraud, if he was informed of all matters which bore upon that question."

In the course of the opinion in the case of *Burne* v. *Lee*, 156 Cal. 221, 226 [104 Pac. 438, 440], the following language occurs: " . . . One of these limitations is that when a party claiming to have been defrauded, enters, after discovery of the fraud, into new arrangements or engagements concerning the subject matter of the contract to which the fraud applies, he is deemed to have waived any claim for damages on account of the fraud."

In an action for the foreclosure of a mortgage which was given in a transaction involving an exchange of properties, it was held that where the defendants examined the property before making the exchange, lived on it for several months, and received extensions of time on payments due on the mortgage, they were precluded from raising the question of fraud. (*Hough* v. *Ferguson*, 36 Cal. App. 120 [171 Pac. 804].)

While, as a matter of first impression, it might seem unreasonable and out of harmony with right thinking that the mere asking of such usual and commonplace favors as are hereinbefore indicated would have the effect of working an absolute forfeiture of rights arising from an unquestioned fraudulent act, it must be concluded that, reasoning from the principle announced in each of the foregoing authorities, it would follow that the defendants waived the fraud of the plaintiffs and were estopped from raising the question.

In view of the direct testimony on the trial by defendant L. L. Warner, the question of the admissibility of certain evidence given by defendant George D. Kamphefner, relating to his knowledge of the alleged fraud and of his personal acts and conduct tending to establish a waiver as to defendant L. L. Warner, becomes of no importance. It is

apparent that if it be conceded (without deciding the question) that such evidence was inadmissible, nevertheless on other unquestioned evidence the same conclusion would have been reached.

An examination of the record on appeal convinces this court that the evidence adduced on the trial of the action was sufficient to justify each of the findings made by the trial court.

[3] Appellants complain that the trial court made no finding as to the issue of damages alleged to have been suffered by the defendants; but it is clear that if defendants waived the fraud of the plaintiffs with its resultant damage, no necessity existed for making such finding. No prejudice to any rights of the defendants appearing from the commission of the specified error, defendants are in no position to complain.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1927.