[Civ. No. 3716.   Third Appellate District.—February 20, 1929.]

INTERSTATE LUMBER COMPANY (a Corporation), Respondent, v. LOOP BUILDING COMPANY (a Corporation), Appellant.

Ray Howard for Appellant.

John F. Poole and R. L. Horton for Respondent.

McDANIEL, J., *pro tem.*—This appeal is from a judgment in favor of plaintiff (hereinafter called the Lumber Company) and against the defendant Loop Building Company (hereinafter called the Building Company) in the sum of $1,470.85, together with interest at seven per cent per annum from the twenty-seventh day of April, 1922, and costs of suit taxed in the sum of $17.50.

The record is here on a bill of exceptions. The pleadings upon which the suit was tried were the complaint, answer, cross-complaint, and answer to the cross-complaint.

The plaintiff instituted the proceedings to foreclose mechanics' liens upon seven houses on lots described in the pleadings and for judgment in the sum of $2,643.91, balance claimed for lumber supplied and used in the construction of said houses.

The findings indicate plaintiff to have been entitled to its lien and foreclosure thereof, but for reasons not apparent in the record the trial court denied the lien. It, however, gave personal judgment for the balance of $1,470.85, above mentioned.

On page 4 of the opening brief it is stated: "Appellant does complain, however, that although a personal judgment, unsecured by a lien, may be given in such a suit even though a lien is found not to exist (which is on the theory that the suit is one in equity) the trial court was not consistent when it came to consider appellant's cross-complaint. *It then ruled that this was not a suit in equity, but was a special proceeding in which a cross-complaint did not lie.*" (Italics ours.)

We have been unable to find anything in the record to show such a ruling by the trial court. It is true, as hereinafter will appear, that objection to certain allegations set out in certain paragraphs of the cross-complaint were sustained, but not for the reason stated in the italicized part of the quotation from appellant's brief. In fact the trial court admitted testimony and proofs in support of the cross-complaint, particularly of the allegations in paragraphs VII and XI therein.

There are three points relied on by appellant for a reversal herein as argued in his brief, namely: (1) The evidence does not sustain the finding as to the agreed price of the lumber; (2) Evidence in support of the cross-complaint should be admitted and the issues thereof determined; (3) There is no adequate remedy at law for threatened cancellation of stock held in trust by a fiduciary nor for an accounting, nor to determine adverse claims, etc. These matters will be considered in the order stated.

Finding III was as follows, to wit: "That after entering upon the construction of said buildings, defendant, Loop Building Company, entered into an agreement with plaintiff whereby plaintiff was to furnish certain materials and perform certain labor required in the construction of said buildings, and the following is a statement of the terms and conditions of the contract made by plaintiff with said defendant, in pursuance of which said materials were furnished:

"Plaintiff agreed to and actually did furnish certain lumber and such like materials to be and actually used in the construction of said buildings for an agreed price of $1960.00 or $280.00 on each building, which is the reasonable market value of said materials. That certain extra material of the reasonable market value of $61.40 was furnished. That there are credits upon said amounts in the sum of $550.55, leaving a balance unpaid of $1470.85, with interest thereon at the rate of seven per cent (7%) per annum from April 17, 1922.

"That said materials were to be paid for upon completion of said work and were to be furnished and delivered as ordered."

Finding IV reads: "That said agreement was fully performed on the part of plaintiff and said sum of $1470.85

remains wholly due, owing and unpaid, after deducting all just credits and offsets.''

Supporting finding III in every particular excepting the one question as to the correct price the record shows: ''It was stipulated that each bill of lumber went into each house, and there were seven lumber bills and seven houses, and that *plaintiff* and not Mr. Newmire was liable directly to plaintiff for all materials so furnished.''

Obviously a typographical error occurred in printing the transcript when the word ''plaintiff,'' italicized by us, first appears in the quoted stipulation. It undoubtedly was intended to be the word ''defendant.'' The stipulation left for the trial court's determination only the issue in complaint and answer as to price. This view is demonstrated by the admissions found in appellant's answer.

The testimony as to the exact terms of the contract of sale and purchase as to this question of price was and is sharply in conflict. The witnesses H. E. Shannon and C. A. De Coo for plaintiff and Roland E. Loop, a witness for defendant, gave their several statements on the stand. Shannon said in part: ''Plaintiff sold lumber to defendant for seven houses at $325 per house, . . . there was also sold by plaintiff to defendant extras which entered into the construction of said houses amounting to $617.32; that $136 was credited for materials returned, and that nothing had been paid on the balance of $2463.91.'' Again he said: ''In view of the relationship between plaintiff and defendant and to help out defendant on the strength of the connection, I simply allowed a discount of 12½% from the retail price of the materials. There was no written or oral understanding on the subject that I know of, but the discount was just a voluntary gratuity.''

It was stipulated that the acting directors of plaintiff were C. A. De Coo, J. H. Smith, H. E. Shannon, Roland E. Loop, and Ray Howard, and that the acting directors of defendant were J. H. Smith, H. E. Shannon, Roland E. Loop, Ray Howard, and Louis Henry.

Mr. Loop, vice-president and manager of defendant Building Company, testified to various conversations had between Smith and Shannon and Louis Henry, Ray Howard and himself, the three last mentioned acting as agents for the defendant. He stated: ''The conversations were during the

course of meetings in which these five persons were discussing an arrangement under which said five persons became associates and should acquire the ownership and control of plaintiff corporation, and that defendant should acquire the interests of the five associates, and that lumber should be sold by plaintiff to the five associates or any corporation in which any of them were interested, at cost plus 10%; it was there said that the lumber in question should be purchased for the purpose of building seven houses, which should be built on the same plan as that used by one Earl Newmire, a building contractor who had built numerous houses on those plans, and had purchased the lumber therefor from plaintiff at $225 per house; that if defendant should undertake the building of these seven houses the plaintiff should sell lumber to defendant at the same price; that in view of defendant's interest in the ownership of plaintiff's stock, the defendant would accept and make use of pieces of lumber which were of such length as not to be readily salable to the general public, but which were practically as good as the more salable lengths." The testimony as just shown having been conflicting, the finding of the trial court as to the issue cannot be disturbed.

When the witness Shannon was under cross-examination, after identification of the signatures, it was sought to introduce in evidence defendant's exhibit 1 for identification for the purpose of showing "the price at which lumber was to be furnished to the Loop Building Company." The record discloses the following colloquy and ruling: "Q. As a matter of fact, you know that it is one of the originals of a paper which was signed by those five parties? A. I presume it is. Q. Mr. Howard: I will offer this in evidence, Your Honor, and call particular attention to the paragraph beginning at line 2 on page 3. Mr. Poole: 1 wish to object on the ground it is incompetent, irrelevant and immaterial; no foundation laid, no authority—this is the Interstate Lumber Company against the Loop Building Company, and there is nothing there about any Loop Building Company, a corporation, or Interstate Lumber Company, a corporation; no authority of any officer of the company, or directors of the company, and not proper cross-examination. Mr. Howard: We are, of course, dealing with the subject of what conversation was had. The Court: I will have to read the

agreement. I don't know what it is. (Inspecting document.) Objection sustained on the ground that there is nothing here binding or purporting to bind, the Interstate Lumber Company. Q. By Mr. Howard: Mr. Shannon, do you remember of any discussion of either of this contract or of the oral understanding among the five persons named there in a meeting of the board of directors of the Interstate Lumber Company? Mr. Poole: I object to that, same objection, same grounds. The Court: Overruled. Answer the question, yes or no. A. I don't remember.''

We are satisfied that the learned trial court's ruling was correct. The contract could not prove nor tend to prove the truth of the conversations at which the contract as to price and purchase was claimed to have been made, even though it be conceded the contents of exhibit 1 were known to all participating in those conversations.

▪ Appellant's and defendant's exhibit No. 1 for identification, a voluminous and somewhat complicated document, is set out *verbatim* in the bill of exceptions. It is the foundation in large part upon which rests his cross-complaint, particularly as stated in paragraphs 2, 3, 4, 5, 6, 8, 9, 10, and 11. Neither the exhibit No. 1 nor the cross-complaint based upon it relates to, nor depends upon the contract, transaction, matter or happening upon which this action is brought; nor does it affect the property to which the action relates and it does not state facts nor supply grounds in the paragraphs mentioned to constitute a cause of action for cross-complaint herein. (Sec. 442, Code Civ. Proc.)

The court in effect gave judgment in favor of cross-complainant upon the averments of fact contained in paragraph VII of the cross-complaint to the amount of $550.55, upon which amount there is predicated no specification of error.

▪ The cross-complaint in paragraph VIII states facts perhaps actually sustaining a cause of action against cross-defendant De Coo, an officer and director of the plaintiff Lumber Company, but that cause of action was a personal one sought to be established as a personal liability of De Coo as the owner of certain Lumber Company's capital stock. It has no proper place as a cross-complaint herein. The controversy being solely between appellant and De Coo is in-

volved in the case of *Loop Bldg. Co.* v. *De Coo, post,* p. 354 [275 Pac. 881], here on appeal. Plaintiff herein is not a party in that case nor in that appeal. Appellant's suggestion that the case No. 9654 be considered and decided along with this appeal is not followed.

We have examined appellant's argument that, as a suit to foreclose a lien is in the nature of a suit in equity, an equitable adjudication of all the rights of the parties to the original suit may be sought by means of a cross-complaint in order that all questions in dispute between the parties in relation to the subject matter shall be finally settled. He cites 17 Cal. Jur. 165, sec. 112, and cases; *Koch* v. *Sumner,* 145 Mich. 358 [116 Am. St. Rep. 302, 9 Ann. Cas. 225, and notes, 108 N. W. 725]; sec. 1198, Code Civ. Proc.; sec. 389, Code Civ. Proc.; sec. 442, Code Civ. Proc.

Appellant says: "Assuming as we must that the allegations of the cross-complaint are true and therefore *that the sale of lumber was part of a contract involving many other things, it follows that relief thereby sought related to and depended upon the contract sued upon.*" (Italics ours.) But the sale of lumber herein was not "a part of a contract involving many other things." It was a separate and entire contract not related to nor dependent upon any other to which plaintiff Lumber Company was a party. The cited authorities uphold the trial court in keeping out of evidence the agreement, said defendant's exhibit No. 1 for identification.

From *Koch* v. *Sumner, supra,* we quote: "The issues raised by the cross-bill must be so closely connected with the cause of action in the original suit that the cross-suit is a mere auxiliary or dependency upon the original suit, but subject to this qualification, new facts and new issues may properly be presented by a cross-bill," citing many cases. The principle so stated accords with our code, sections 389 and 442 of the Code of Civil Procedure.

The trial court's ruling on the objection to the offer of the said agreement (defendant's exhibit 1 for identification) was adhered to at all times when it was offered either on cross-examination or in support of the cross-complaint. With that ruling upheld here it becomes unnecessary to discuss at length the other specifications of error numbered (2),

(3), (4), (5), and (6). It may be said there was some evidence to support all the material and necessary findings. In the absence of sufficient evidence before the court on appeal all presumptions and intendments support the findings. (*Williams* v. *Reed*, 43 Cal. App. 425 [185 Pac. 515]; *Wolfsen* v. *Smyer*, 178 Cal. 775 [175 Pac. 10]; *Hough* v. *Ferguson*, 36 Cal. App. 120 [171 Pac. 804].) Counsel's point (3) in argument also is eliminated by the ruling sustaining the said objection to defendant's exhibit 1 for identification.

We have considered appellant's and defendant's exhibit 2, the letter of Mr. Ray Howard, attorney for appellant, to Mr. John F. Poole, attorney for respondent. There was no reply to the letter, but we find nothing in it, even if there were "apparent acquiescence therein for two years" as argued by appellant, to constitute a waiver of the legal right to make all proper objection at the trial to the introduction of evidence in support of the cross-complaint.

The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1929.