JOSEPH KERNS ET AL. v. MATTHEW FLYNN.

*Mechanic's lien—Parties in interest.*

The objection that a petition for the enforcement of a mechanic's lien does not implead necessary parties, may be taken in the answer thereto, or at the hearing; and it is not lost by putting in an answer after demurring.

In proceedings by sub-contractors to enforce a mechanic's lien, the original contractors must be brought in as parties, since the contract relation and state of accounts between the defendant and the original contractors, and between the original and sub-contractors, must be adjudicated before the lien can be established, and the rights and liabilities of the parties be ascertained.

Appeal from Saginaw.   (Gage, J.)   Oct. 10.—Oct. 24.

MECHANIC'S LIEN.   Petitioners appeal.   Affirmed.

*H. & C. E. Miller* for petitioners appellant.    The
action on a mechanic's lien is purely statutory, and in
enforcing the lien the statute must be strictly followed :
*Willard v. Magoon* 30 Mich. 276 ; *Wagar v. Briscoe* 38
Mich. 592 ; *Clark v. Raymond* 26 Mich. 415 ; the action
is not personal, for a personal judgment against any one,
but is an action quasi in rem : Act 258 of 1879 § 13 ; Houck
on Liens, sec. 47 ; the demurrer in this case goes to the
whole action, and is overruled by the general answer (1
Barb. Ch. 107 ; *Ingraham v. Baldwin* 12 Barb. 9 ; *Clark v.
Phelps* 6 Johns. Ch. 214 ; *Struver v. Ocean Ins. Co.* 16 How.
Pr. 422) unless the old rule is changed by chancery rule 42.

*W. S. Tennant* for appellee.

GRAVES, C. J.    This petition was filed to enforce a me-
chanic's lien, and the circuit court in chancery dismissed it
for want of necessary parties, and the petitioners, refusing
to amend, appealed to this Court.

They allege in their petition an agreement made on the
2d of October, 1882, with the defendant by Charles Witham
and Frank Demire, by which the latter agreed to build him
a dwelling-house and furnish the materials for $520, and
they, the petitioners, count upon a claim arising out of a
sub-contract with Witham and Demire.

The objection in the court below was that the original
contractors, Witham and Demire, were necessary parties.

The reply given to the petition was by demurrer and
answer.    It is now argued that the answer overruled the
demurrer.    The latter, we are told, being for want of
parties, applied to the whole bill and hence could not pos-
sibly co-exist with an answer.

It is needless to inquire in regard to the accuracy of de-
fendant's practice in following his demurrer by the answer.
The matter is devoid of practical importance here, and we
are not called on to discuss the effect of our rules.    The ex-
ception in question may be taken in the answer or at the
hearing.    The requirement of necessary parties cannot be

annulled by putting in an answer which trips up a demur- rer. Upon the main question there is no doubt.

The case of sub-contractors involves inquiry into the contract relations and state of accounts existing between the defendant and the original contractors, and into the contract relations and state of accounts existing between said original contractors and the sub-contractors. Both kinds of inquiry are indispensable. It is a fundamental implication of the remedy that an indebtedness from the defendant and in favor of the original contractors must be found and adjudicated. Without it there can be no basis for relief to the sub-contractors. The right of lien must be ascertained, and the rights and liabilities of the different parties, so far as they pertain to the subject, must be inquired into and liquidated. The fact of a lien and the fact of liability or indebtedness may actually exist, but they must be adjudged to exist as a preliminary to their enforcement. They can never be taken for granted. So long as a claim is unadjudged it cannot be enforced, and there is no law for making such investigations and decisions in the absence of the parties. They must have an opportunity to be heard, and if they do not have it they will not be bound. The doctrine is elementary and citations are unnecessary.

The decree is right and must be affirmed with costs.

The other Justices concurred.