JOHN S. WALLACE v. HATTIE WALLACE, HOUGHTON WAL-
LACE, AND ZEBINA H. WALLACE.

*Equity—Fraudulent destruction of unrecorded deed—Partition.*

A land-owner and his wife deeded the *undivided half* of certain real
estate to his copartner pursuant to the partnership agreement,
and after the grantor's death his widow *fraudulently* destroyed
the deed, the same not having been recorded; whereupon the
surviving partner filed a bill in equity to establish his title, and
for a partition of the land covered by said deed. All persons
interested were before the court, and the circuit judge granted
the relief prayed for.

*Held*, that while the law will aid complainant in obtaining pos-
session of his property at the proper time, and under proper pro-
ceedings taken for that purpose, it cannot restore to him the lost
deed, or order the defendants to execute and deliver to him another
in its stead, this being peculiarly the province of a court of equity;
and that the circuit judge was justified in granting the relief
sought.

*Held*, further, that as the bill sets out *all* the facts necessary to
obtain a partition of said land, which are substantiated by the
proofs, and all parties interested in such partition being before
the court, the rule that, when a court of equity obtains jurisdic-
tion of a subject-matter for *any* purpose, it will retain it for the
purpose of affording *adequate* and *full* relief between the parties,
may be invoked, and the partition asked for granted.

Appeal from St. Joseph. (Pealer, J.) Argued June 9,
1886. Decided October 28, 1886.

Bill to establish title to land and restore deed fraudulently
destroyed. Defendants appeal. Affirmed. The facts are
stated in the opinion.

*D. E. Thomas,* for complainant:

The conclusions of the trial judge as to the facts will not
be disturbed unless he is clearly in error: *In re Wool,* 36
Mich. 299; *Nager v. Tupper,* 42 Id. 605; *Matteson v. Black-
mer,* 46 Id. 393; *Griffin v. Nichols,* 51 Id. 575.

Cases of lost or destroyed deeds are especially within equity jurisdiction: 1 Story, Eq. Jur. § 254, and note; 3 Washb. Real Prop. (4th ed.) 247; *Schaumburg v. Hepburn*, 39 Mo. 125; *Hawkins v. Clermont*, 15 Mich. 511.

Chancery, having obtained jurisdiction for any purpose, will retain it for the purpose of affording full relief: *Whipple v. Farrar*, 3 Mich. 436; *Miller v. Stepper*, 32 Id. 194.

The destruction of important documentary evidence justifies a presumption against the party destroying it: *Page v. Stephens*, 23 Mich. 357.

The court will adjust the rights of all parties in a partition suit: 1 Story, Eq. Jur. § 656 *b*.

*J. W. Flanders*, for defendants:

Where in a suit for partition the legal title is disputed and doubtful, the parties should be remitted to the law court to establish such title: Willard, Eq. 704; *Wilkin v. Wilkin*, 1 Johns. Ch. 111; *Coxe v. Smith*, 4 Id. 271; Adams, Eq. 230 (note 1); *Burhans v. Burhans*, 2 Barb. Ch. 398; *Huffman v. Beard*, 22 Mich. 59, 65; *Hemingway v. Griswold*, Id. 77.

SHERWOOD, J. The bill in this cause was filed on the twenty-first day of June, 1884, from which it appears that on the first day of May, 1869, Harry Wallace was the owner and in possession of lots 1, 2, 3, and 4, and the east half of lots 10 and 11, in block 9, in the village of Sturgis, according to the recorded plat thereof.

The complainant claims title to an undivided half of this property, through a conveyance claimed to have been made by Harry Wallace and wife, on or about the date last named, to him.

On the sixth day of September, 1869, Harry Wallace died, leaving the defendant Hattie Wallace, his widow, and the defendant Houghton Wallace, his son, his only heirs at law, and the complainant's deed of said land, without having been recorded, after the death of Harry, was destroyed by the widow.

The bill is filed to have the evidence of complainant's title restored by deed from the widow and Houghton Wal-

lace, sole heirs of said Harry Wallace, deceased, or by decree, and for partition of said lands.

Zebina H. Wallace is made defendant, because he is alleged to be in possession of the property under a contract to purchase the interest of complainant therein, but under which complainant claims said defendant has forfeited all rights.

The facts, as stated in the pleadings, and about which there does not seem to be very much question on the proofs, are as follows:

Zebina H. Wallace married Harry's widow. In 1869, Zebina was in business in Sturgis, and was Harry's adviser, and, to a greater or less extent, gave him financial aid. In the spring of that year Harry owned the property in question, and formed a copartnership with complainant, under the firm name of J. S. & H. H. Wallace, to build a sash and blind factory and carry on the business upon this land, which it was agreed they should own as equal partners. The partnership agreement was verbal, but, to carry it out, a deed of an undivided one-half of said land was drafted, and signed by Harry and his wife, conveying the same to the complainant, and she destroyed it after his death.

Upon the death of Harry, Zebina H. Wallace and the complainant formed a copartnership, and continued the same business, using the same property, until April 1, 1873, when Zebina contracted in writing to purchase complainant's half interest in the property, and since that time he has been in possession of the same. Zebina paid $1,000 on the contract by his note at its date.

On the first day of January, 1878, Zebina H. Wallace and complainant made computations, and agreed that there was then due upon the contract $2,400, in which the note was then included, and a statement to that effect was made upon the contract, and signed by Zebina. Since that date he has made some payments, something, however, less than the interest amounts to, leaving over $3,000 due at the time of

the filing of the bill in this cause, if the contract had not been forfeited.

The defendants all appeared and answered. They neither admit nor deny that complainant and Harry were in partnership, as stated in the bill, but do deny that Harry and his wife made the deed to complainant as alleged, or that such a deed was ever delivered to complainant, and aver that Zebina H. Wallace went into possession of the premises claimed as the property of Hattie and her son, and at the request of the former, and that Hattie and Houghton Wallace are the owners of the same.

All the parties were sworn and examined in the case except Houghton Wallace, and the cause was heard before Judge Pealer, who found that all the material allegations in the bill were sustained by the proofs, and granted in the decree the relief prayed for in the bill. ·

After a careful review of the case, we fully agree with the learned circuit judge upon his finding upon the facts.

It is admitted that Harry Wallace had title to the property in question when he and his wife made their deed to complainant, and the court finds that Hattie fraudulently destroyed the deed before the same was recorded, and now claims that she and her son are the owners of the property, and utterly refuses to recognize any interest of the complainant therein. The other defendant is the husband of Hattie, and makes the same claim, and avers that he holds possession of the property by reason of the title thus claimed by Hattie and her son, Houghton.

The complainant only asks to have restored to him the written evidence of his interest in the property, of which he has been fraudulently deprived, and we think, in equity and good conscience, he is entitled to the relief he asks. The law will aid the complainant in obtaining the possession of his property at the proper time, and under proper proceedings taken for that purpose, but it cannot restore to him the

lost deed, or order the defendants to make and deliver to him another deed in its stead. That is peculiarly the province of a court of equity. The aid of that court is now invoked for that purpose, and the circuit judge did right in granting him relief. 1 Story, Eq. Jur. §§ 252, 254, and cases cited. And this author, in section 184, says: "There are many cases in which fraud is utterly irremediable at law; and courts of equity, in relieving against it, often go, not only beyond, but even contrary to, the rules of law," and cites *Garth v. Cotton*, 3 Atk. 755; *Man v. Ward*, 2 Id. 229; *Trenchard v. Wanley*, 2 P. Wms. 167.

There can be no question of the right of the circuit court to entertain jurisdiction to make partition of this property between these two tenants in common. How. Stat. § 7850; *Campau v. Campau*, 19 Mich. 122.

The bill sets out all the facts necessary to obtain the order of the court for that purpose, and the circuit judge finds the facts are all substantiated by the proofs. It is admitted that all the parties interested in the matter, and who can be affected by such partition, are before the court, and appear by solicitors and counsel. They are the same identical parties who are solely interested in the proceedings and relief asked upon the other branch of the case. The matters litigated are both of an equitable nature,—subjects of equitable cognizance,— between the same parties, and involve the same subject-matter; and we do not see why, in this case, the rule that, when a court of equity obtains jurisdiction of a subject-matter for any purpose, it will retain it for all purposes of affording adequate and full relief between the parties, should not apply. *Whipple v. Farrar*, 3 Mich. 436; *Miller v. Stepper*, 32 Id. 194.

Under the circumstances as they appear in this case, the state of the accounts between the complainant and Harry Wallace, at the time of the latter's death, can have no essential bearing upon the merits.

The bill of complaint avers that Zebina H. Wallace for-

feited all his rights and interest under the contract he made for the purchase of the property with the complainant, and this fact is not denied by any of the defendants in their answer. This contract, therefore, needs no further consideration. It may, for the purposes of this case, be treated as never having been made.

It is objected that certain testimony was received, given by the complainant, concerning matters which, if true, must have been equally within the knowledge of Harry Wallace. The complainant was asked to state the interest· in the land conveyed by Harry to John S., and the consideration therein stated. There may be some question whether or not the testimony elicited upon this subject was proper under the statute. How. Stat. § 7545; *Schratz v. Schratz*, 35 Mich. 485. However this may be, it cannot affect the result, as the character of the deed, and all that was essential to be proved upon the subject, sufficiently appeared from the testimony of other witnesses and the other circumstances in the case.

We think the decree made in the case by the circuit judge is sufficiently sustained by the proofs, and the decree must be affirmed, with costs.

The other Justices concurred.