MᴄLEAN v. MᴄLEAN.

EQUITY JURISDICTION—PERSONAL DECREE.

A court of equity, having acquired jurisdiction through a bill filed by a secured creditor for an accounting as to the property owned by a copartnership, may, where it appears upon the accounting that there is no property against which complainant can enforce his demand, retain jurisdiction and render a personal decree against the defendants, notwithstanding complainant has an adequate legal remedy.

Appeal from Bay; Maxwell, J. Submitted April 21, 1896. Decided May 12, 1896.

Bill by William S. McLean against Seth A. McLean and Henry M. Campbell for an accounting. From a decree dismissing the bill, complainant appeals. Reversed.

*William H. Sweet* (*W. A. Burritt*, of counsel), for complainant.

*T. A. E. & J. C. Weadock*, for defendants.

HOOKER, J. Henry M. Campbell and Seth A. McLean were copartners. The latter made a loan at a bank, for which he gave the firm paper, with the complainant, who was his uncle, as indorser. The money received was deposited in the bank where the loan was made, in the name of the firm, and was checked out by firm checks drawn and signed by Seth A. McLean; some of it, if not all, being to pay his individual obligations. His partner, Campbell, was ignorant of the entire transaction, and the bank was not the customary place of deposit for the firm funds. There is nothing to indicate that the complainant was aware that this money was not borrowed for the use of the firm. The note was renewed, and finally paid by

the complainant. Before and after this transaction, complainant indorsed other paper at the request of Seth A. McLean; a firm note of $500 being earlier, and an individual note of Seth A. McLean being later, in point of time. The $500 note was subsequently paid.

In March, 1893, Seth A. McLean gave to the complainant a bill of sale reading as follows, so far as it appears in the record, viz. :

"To the consideration of moneys to me loaned, and as collateral security for certain indorsements on Commercial Bank paper indorsed by me from time to time, and for various amounts, I hereby invest and sell to W. S. McLean, as collateral security for such loans and indorsements, my two-thirds (⅔) interest (undivided) in and to the personal property of the firm of McLean & Co., of Bay City, Bay county, Mich., consisting of horses, carts, harnesses, salt blocks, heading, staves, tools, etc., in and for such sum as said loans and indorsements may represent at time demand may be made for delivery of said personal property.

"Dated Saginaw, East Side, March 20, 1893."

It was signed, "Seth A. McLean."

On December 1, 1893, Seth A. McLean gave to complainant a second bill of sale, reading as follows, viz. :

"Know all men by these presents, that Seth A. McLean, of Bay City, in the county of Bay, and State of Michigan, of the first part, for and in consideration of the sum of $5,500 to him paid by William S. McLean, of Saginaw, Mich., of the second part, the receipt whereof is hereby acknowledged, has bargained and sold, and by these presents does grant and convey, unto the said party of the second part, his executors, administrators, or assigns, all of his interest, right, and property in the firm of McLean & Co., of Bay City, Mich.; the same being a two-thirds interest in all personal property of said firm, said goods and chattels consisting principally of the following goods and chattels, to wit: All book accounts due said firm; all horses, carts, harness, wagons, slab wood, staves, heading, pickets; all tools, implements, machinery; and all goods and chattels connected with the business of said firm.

"Whereas, I did, on the 20th day of March, 1893, make, execute, and deliver to William S. McLean a bill of sale of all my interest at that time of all said goods and chattels, the purpose of this bill of sale is to transfer all goods and chattels acquired by said firm since the date of said March 20, 1893; it being my intent to herein include all my interest in all goods and chattels of said firm not now owned by said William S. McLean by virtue of said former bill of sale. To have and to hold the same unto the said party of the second part, his executors, administrators, and assigns, forever. And the said party of the first part, for his heirs, executors, and administrators, does covenant and agree to and with the said party of the second part, his executors, administrators, and assigns, to warrant and defend the sale of said property, goods, and chattels hereby made, unto the said party of the second part, his executors, administrators, and assigns, against all and every person or persons whatsoever. This bill of sale is given supplementary to former bill of sale, and to include all property not included in former bill of sale therein specified.

"In witness whereof I have hereunto set my hand and seal this 1st day of December, 1893.

"Signed, sealed, and delivered in presence of

"SETH A. MCLEAN."

There is nothing to indicate that either bill of sale was recorded.

A day or two later, Campbell, the other partner, gave a mortgage to one Bump in trust for the creditors of the firm, and the property was sold and applied upon the debts.

The bill prayed an accounting, among other things.

It seems to be admitted that complainant has no right to redress from Bump, the trustee, or from creditors, as his brief states that—

"No relief is desired against any defendants except McLean and Campbell. The object in amending the bill, as I understand, was to try the question of which mortgage should take precedence; but, the property being disposed of, this question is not in the case. We have not and do not claim a right to a decree against them."

He contents himself with asking a personal decree

against the two copartners. If entitled to this, a judgment might have been obtained in an action at law, and it is only upon the theory that the court of chancery had jurisdiction to foreclose the mortgage, or to order an accounting with the trustee and Campbell, and, having entertained the suit for that purpose, may render a personal decree, although a decree of foreclosure cannot be rendered, upon the principle that, having acquired jurisdiction for a proper purpose, it may render a personal decree. But if, as contended upon behalf of the defendant Campbell, the bills of sale, upon their faces, indicate that they were personal obligations of Seth A. McLean, and were not intended to bind the partnership property as such, the complainant could not obtain relief from the property until the partnership debts were paid, and, the property being exhausted, he cannot obtain satisfaction from that source. He had, however, a right to an accounting with the trustee and Campbell, and equity was the proper forum to obtain it. This he sought by his bill, and the accounting was had; and, while it admittedly shows that neither Seth A. McLean nor Campbell has any interest left in the partnership property, it also shows that both are liable personally upon the $500 note, and we see no reason why a decree for $500 and interest should not be entered against them, with costs of both courts. See *Coller* v. *Porter*, 88 Mich. 549.

In other respects the decree will be affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.