C. H. LITTLE CO. *v.* L. P. HAZEN CO.

DODGE *v.* MASSACHUSETTS BONDING & INSURANCE CO.

1. MECHANIC'S LIENS—PLEADING—ACTIONS—PRINCIPAL AND SURETY
   —BOND.

   Under the provisions of the mechanic's lien statute, 3
   Comp. Laws, § 10719 (5 How. Stat. [2d Ed.] § 13775), as
   amended by Act No. 394, Pub. Acts 1913, the surety upon
   a contractor's bond given to protect the owner against
   liens may be made a party to the suit and the court is
   ʳequired to determine the rights of all parties up to
   the entry of the decreè; the statute was intended to and
   does apply to proceedings which were commenced before
   the act was passed. Since the amendment affects only
   the remedy, not the established rights of the parties, it
   may be held to relate to a cause in which the order on
   demurrer had been entered before the act took effect.

2. CONSTITUTIONAL LAW—TITLE OF ACT—MECHANIC'S LIENS.

   Act No. 394, Pub. Acts 1913, is not unconstitutional on the
   ground that the title is insufficient or embraces more
   than one object. Constitution, Art. V, § 21.

3. SAME.

   The objection that the amendatory act fails to indicate by
   the title that a new remedy is provided for the owner
   of property who has been given a surety bond and for
   the benefit of others in interest cannot be sustained: the
   amendment was germane to the general subject of the
   original act.

4. MECHANIC'S LIENS — EQUITY — LIENS — STATUTES—DAMAGES—
   SURETY BOND.

   In a suit to foreclose a mechanic's lien under the said
   provisions of Act No. 394, Pub. Acts 1913, where the con-
   tractor had given a surety bond to protect the owner
   against mechanic's liens and the owner was made one
   of the parties defendant to the bill or was brought in
   by cross-bill, a cross-complainant who prays for relief
   against the surety on the bond is entitled to have his
   equities adjusted by the decree requiring the payment
   of damages for such liens or claims as may have been

filed against the property contrary to the provisions of the bond and to recover as additional damages such loss or injury as they might be able to show had arisen because of the principal's failure to complete the building pursuant to the contract: all the rights of the parties can and should be adjusted in one proceeding under the statute.

5. SAME—EQUITY—ADEQUATE REMEDY AT LAW—DEMURRER.
  The existence of an adequate remedy at law as to defendant, who filed a cross-bill in a suit to foreclose a mechanic's lien, seeking to have made parties to the proceeding the surety in the bond, which was given by the contractor to the owner, was not ground for sustaining a demurrer to the pleading.

Appeal from Wayne; Codd, J. Submitted November 19, 1914. (Docket No. 23.) Decided April 6, 1915.

Bill by C. H. Little Co. against L. P. Hazen Co., John F. Dodge, Horace E. Dodge and others to foreclose a mechanic's lien. Defendants Dodge filed a cross-bill making the Massachusetts Bonding & Insurance Company a party and asking for affirmative relief against such surety. From a decree on demurrer to the cross-bill sustaining the demurrer to the relief asked, defendants and cross-complainants Dodge appeal. Reversed.

*McGregor & Bloomer* (*William S. Sayres, Jr.,* of counsel), for appellants Dodge.

*George F. & Peter J. Monaghan,* for appellees.

MOORE, J. This is an appeal from an order sustaining the demurrer filed by the Massachusetts Bonding & Insurance Company to the cross-bill of John F. Dodge and Horace E. Dodge.

On March 15, 1910, John F. Dodge and Horace E. Dodge, copartners as Dodge Bros., entered into a contract with the L. P. Hazen Company, by the terms of

which the L. P. Hazen Company was to construct a building for them for upwards of $80,000. To secure the performance of this contract a bond was given in the sum of $42,000, executed by the L. P. Hazen Company, as principal, and the Massachusetts Bonding & Insurance Company, as surety. The bond contained, among other provisions, the following:

"That we, the L. P. Hazen Company and the Massachusetts Bonding & Insurance Company, of Boston, of the city of Cincinnati, county of Hamilton, State of Ohio, are held and firmly bound unto Dodge Bros., Detroit, Mich., of said county and State, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of forty-two thousand dollars, lawful money of the United States of America, to be paid to the said Dodge Bros. and to said parties who may be entitled to liens, their executors, administrators, or assigns," etc.

"This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such case made and provided, and may be sued upon by them as if executed to them in proper person."

The L. P. Hazen Company failed to carry out the contract.

The C. H. Little Company, complainant, brought suit against the L. P. Hazen Company, as contractors, and John F. Dodge and Horace E. Dodge, as owners, for the foreclosure of a mechanics' lien for material furnished in the construction of the building aforementioned.

Upwards of a dozen subcontractors and materialmen were made defendants. They filed cross-bills asking relief similar to that asked by the C. H. Little Company. Dodge & Dodge answered the original bill and all the cross-bills, and also filed a cross-bill making the Massachusetts Bonding & Insurance Company, the surety on the bond, a defendant.

The original complainant and all cross-complain-

ants signed a stipulation consenting that Dodge & Dodge might file the cross-bill against the L. P. Hazen Company and Massachusetts Bonding & Insurance Company. An order of court was also obtained to that effect, and no question is raised by any of the complainants or cross-complainants as to the filing of the cross-bill against the Massachusetts Bonding & Insurance Company. No one but Dodge & Dodge is asking relief against the Massachusetts Bonding & Insurance Company.

By this cross-bill Dodge & Dodge sought to have their rights against the Massachusetts Bonding & Insurance Company, as surety on the bond, determined in the one suit, and to have the Massachusetts Bonding & Insurance Company decreed to pay such liens as might be held to be valid claims against their property, and to pay them such damages as they had sustained through the failure of the L. P. Hazen Company to complete the building according to the contract. The Massachusetts Bonding & Insurance Company demurred to the cross-bill making it a party, for the following reasons:

(1) Because a court of equity has no jurisdiction to try and determine the matters set forth in the said cross-bill of complaint.

(2) Because the matters set forth in said cross-bill of complaint are without equity, and do not show sufficient to warrant the interposition of a court of equity.

(3) Because Dodge & Dodge have a full, complete, and adequate remedy at law.

The learned circuit judge sustained the demurrer. It is from this decree which was rendered January 28, 1913, that the appeal is taken.

Section 10, mechanic's lien law of the State of Michigan, as amended by the legislature for the year 1913, reads as follows:

"SEC. 10. Proceedings to enforce such lien shall

be by bill in chancery, under oath, and notice of *lis pendens* filed for record in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings. And in such proceedings, the complainant shall make all persons having rights in said property affected or to be affected by such liens so filed in the office of the register of deeds, and all persons holding like liens so filed, and those having filed notice of intention to claim a lien, parties to such action. And all persons holding like liens or having filed notice of intention to claim a lien, or any other persons having rights in said property, may make themselves parties thereto on motion to the court and notice to complainant, and may file their intervening or cross-bills or answers claiming the benefit of cross-bills and notices of *lis pendens* therein. *And whenever the principal contractor or any subcontractor shall have given to the owner, or other person or persons having rights in said property, any bond or surety or guaranty of any kind to protect such owner or other person or persons having rights in said property, against the liens provided for by this act, then the complainant or the owner or other person or persons having rights in said property, may make the surety or sureties in such bond or guaranty, parties to such action by such original bill or by cross-bills or answers claiming the benefit of a cross-bill, and the court shall thereupon settle and determine the rights and liabilities of all the parties in the matter, and make such decree as may be required to determine and enforce the rights and liabilities of the various parties including such surety or sureties.* Intervening or cross-bills shall be on oath, and all bills sworn to shall be evidence of the matters therein charged, unless denied by answer under oath. Amendments may be made to any bill or cross-bill at any time before final order, and if it shall appear that any party has had insufficient notice of any such proceedings, such further notice shall be given as the court shall think just." Section 10, Act No. 179, Pub. Acts 1891, being section 10719, 3 Comp. Laws, as amended by Act No. 394, Pub. Acts 1913, pp. 751, 752.

The amendment made to section 10 by the legislature of 1913 is shown by italics, and, though it became

operative after the demurrer was sustained, the position of the solicitors for appellant is that, as the statute affects purely the method of applying the remedy to the rights of the parties, and not the rights themselves, and, even though passed subsequent to the commencement of the suit, and subsequent to the order sustaining the demurrer, it is fully applicable to all pending cases, including the case at bar, and this court is bound by it in passing upon the question, citing *First National Bank of Ovid* v. *Steel,* 136 Mich. 588 (99 N. W. 786) ; *Daniels* v. *Railway,* 163 Mich. 468 (128 N. W. 797) ; *Judd* v. *Judd,* 125 Mich. 228 (84 N. W. 134) ; *State Savings Bank* v. *Matthews,* 123 Mich. 56 (81 N. W. 918) ; *Hufford* v. *Railroad Co.,* 64 Mich. 631 (31 N. W. 544, 8 Am. St. Rep. 859) ; *Hanes* v. *Wadey,* 73 Mich. 178 (41 N. W. 222, 2 L. R. A. 498) ; *Beebe* v. *Birkett,* 108 Mich. 234 (65 N. W. 970).

The solicitors for the appellee cite in opposition to this contention 2 Sutherland on Statutory Construction (2d Ed.), § 674, and *Bedier* v. *Fuller,* 116 Mich. 126 (74 N. W. 506).

A reading of the averments of the cross-bill and of the provisions of the bond shows that, if the averments of the cross-bill are true, the bonding company is liable to the lienors. The one side claims this liability may be established in the present proceeding. The other claims it must be established in the law side of the court. This indicates a question of remedy, rather than one of liability, and, according to the great weight of the authorities cited, brings the case within the statute as amended.

Counsel, however, insist that the amendment of section 10 contained in Act No. 394, Pub. Acts 1913, is void because unconstitutional, in that its object is not expressed in its title, and because its object is twofold.  .

Article 5, § 21, of the Michigan Constitution reads:

"No law shall embrace more than one object, which shall be expressed in its title."

It is also claimed the amendment violates section 13 of article 2 of the Constitution, which reads:

"The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law."

The contention of counsel is that:

"The original act and the amendatory act merely provided for the establishing, protecting, and enforcing by lien the rights of mechanics and materialmen. The admendatory act does not give any hint in the title that it provides a new remedy for the owner of property who is possessed of a surety bond. The title to the original act and the amendatory act gives no hint that from henceforth mechanics are to enforce their claims through bonds, rather than by lien on the property" — counsel citing *People* v. *Mahaney*, 13 Mich. 494; *Brooks* v. *Hydorn*, 76 Mich. 273 (42 N. W. 1122); *Vernor* v. *Secretary of State*, 179 Mich. 157 (146 N. W. 338), and other cases.

The title of Act No. 179 of the Public Acts of 1891 is as follows:

"An act to establish, protect and enforce by lien the rights of mechanics and other persons furnishing labor or materials for the building, altering, improving, repairing, erecting or ornamenting of buildings, machinery, wharves and all other structures; and to repeal all acts contravening the provisions of this act."

The title of Act No. 394, Public Acts of 1913, reads:

"An act to amend section ten of Act No. 179 of the Public Acts of 1891, approved July 1, 1891, being compiler's section 10719 of the Compiled Laws of 1897, entitled 'An act to establish, protect and enforce by lien the rights of mechanics and other persons furnishing labor or materials for the building, altering,

improving, repairing, erecting or ornamenting of buildings, machinery, wharves and all other structures; and to repeal all acts contravening the provisions of this act.' "

We think, when the opinion of Justice Cooley in *People* v. *Mahaney*, 13 Mich. 481, is read in its entirety, it tends to show the sufficiency of the title to the amended act. We quote from the opinion:

"There was no design by this clause to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, and thus multiplying their number; but the framers of the Constitution meant to put an end to legislation of the vicious character referred to, which was little less than a fraud upon the public, and to require that in every case the proposed measure should stand upon its own merits, and that the legislature should be fairly satisfied of its design when required to pass upon it. * * * But this purpose is fully accomplished when the law has but one general object, which is fairly indicated by its title. To require that every end and means necessary to the accomplishment of this general object should be provided for by a separate act relating to that alone would not only be senseless, but would actually render legislation impossible. The police government of a city could not be organized without a distinct act for each specific duty to be devolved upon it, and these could not be passed until a multitude of other statutes had taken the same duties from other officers before performing them. And these several statutes, fragmentary as they must necessarily be, would often fail of the intended effect, from the inherent difficulty of expressing the legislative will when restricted to such narrow bounds."

In this connection we call attention to the opinion in *Barnard* v. *McLeod*, 114 Mich. 73 (72 N. W. 24), because it construes the mechanic's lien law and deals with the contention that the amendment then before the court took away from the contractor a common-law right, of which purpose the title gave no notice. In *Pratt Food Co.* v. *Bird*, 148 Mich. 631, 634 (112

N. W. 701, 118 Am. St. Rep. 601), Justice Montgom-
ery, speaking for the court, said:

"Is the law constitutional? It is claimed that the
law is unconstitutional, in that it violates section 20
of article 4 of the Constitution, which provides that
no law shall embrace more than one object, which
shall be expressed in its title. It is established by our
decisions that, if what is introduced by way of an
amendment to an act might have been incorporated
in the act under its original title, there is no violation
of this section. * * * The question is, therefore,
whether, under the original title, a provision fixing
a standard of pure food, and providing means to pre-
vent deception in the sale of such food, is within the
title of an act to provide for the appointment of a
dairy and food commissioner, and to define his powers
and duties and fix his compensation. We think the
title is within our previous decisions sufficient. It is
obvious to one reading this title that there must have
been imposed upon the commissioner certain powers
and duties to make his department of any value to the
State, and, furthermore, that these powers and duties
must have relation to something. It is equally ob-
vious that the relation of these powers and duties
must be to the subject which is brought within the
department that is created, viz., the dairy and food
department. The title is very similar to that which
esablished the insurance bureau. In *Connecticut
Mut. Life Ins. Co.* v. *State Treasurer,* 31 Mich. 6, it
was held that a title which read 'An act to establish
an insurance bureau' was sufficiently broad to cover
any pertinent regulations respecting the bureau's
course of action towards those engaged in insurance,
and any appropriate provisions for prescribing the
duty due from the insurance companies to the State
in the matter of taxation, without violating the con-
stitutional provision."

See, also, *Westgate* v. *Adrian Township,* 161 Mich.
333 (126 N. W. 422).

We think the amendment was germane to the sub-
ject which was receiving the attention of the legis-
lators.

Another position of counsel is stated as follows:

"We submit that, whenever an equity court is operating under a special power given to it, it does not then have the additional power to draw into the case remaining portions of the controversy, not within the confines of that special grant of power. * * * The lien law is in derogation of the common law, and all rights under it are statutory, and cannot be extended beyond the provisions of the statute. It is to be seen from these considerations that the right of lien is purely statutory, and we urge that as a necessary consequence the jurisdiction of chancery in matters of lien is necessarily limited by the provisions of the statute. This court has so held"—citing *Sterner* v. *Haas,* 108 Mich. 488 (66 N. W. 348).

In *Koch* v. *Sumner,* 145 Mich. 358 (108 N. W. 725, 116 Am. St. Rep. 302, 9 Am. & Eng. Ann. Cas. 225), a construction of the mechanic's lien law was involved. The owner of the property not only disputed the right of the contractor to a lien, but sought to recover damages for failure to perform the contract. The same claim was made there as here, and *Sterner* v. *Haas, supra,* was cited. It was held the owner might recover damages; the opinion reading as follows:

"A reading of the opinion will show, however, that it did not go off upon that point, but upon the general proposition that it is the duty of a court of equity which has properly acquired jurisdiction of the subject-matter and of the parties to do final and complete justice in relation thereto. This is no new doctrine in this State. It was announced as long ago as *Whipple* v. *Farrar,* 3 Mich. 436 [64 Am. Dec. 99]. See, also, *Miller* v. *Stepper,* 32 Mich. 194; *Wallace* v. *Wallace,* 63 Mich. 326 [29 N. W. 841]; *Drayton* v. *Chandler,* 93 Mich. 383 [53 N. W. 558]; *In re Axtell's Petition,* 95 Mich. 244 [54 N. W. 889]; *George* v. *Light Co.,* 105 Mich. 1 [62 N. W. 985]; *McLean* v. *McLean,* 109 Mich. 258 [67 N. W. 118]. In *Convis* v. *Insurance Co.,* 127 Mich. 616 [86 N. W. 994], the doctrine was restated by Justice GRANT as follows:

" 'When a court of equity has jurisdiction for one purpose, it may retain jurisdiction to settle all disputes relating to the same subject-matter between the parties to the suit.' "

The case of *Webster & Co.* v. *Hotel Co.*, 151 Wis. 1 (138 N. W. 102), was a proceeding under a mechanic's lien law. The court had before it the parties to the original contract, subcontractors, materialmen, and surety companies who had signed bonds for the various contractors. The surety companies demurred for various reasons, one of which was that the proceeding was in equity for the foreclosure of mechanics' liens; while the cause of action alleged against them was an action at law. In the opinion disposing of the case there is a discussion which we think is germane to the case before us. We quote:

"It is strenuously asserted in behalf of all the demurrers that several alleged causes of action have been improperly united and that the complaint and cross-complaints do not state facts sufficient to constitute a cause of action. The joinder of different causes of action for relief in favor of a party to a lien suit, or in favor of different persons who are proper parties to the action, is justified and proper, as we have heretofore seen, if the relief sought involves, or in some manner affects, 'the contract, transaction or property which is the subject-matter of the action.' The grounds upon which the subcontractors, the hotel company, the principal contractors, and their bondsmen are found to be proper parties to this action for foreclosure of liens on the hotel property show that the relief they seek to enforce involves rights related and germane to the matter of enforcing the liens against the hotel property and securing payment of the amounts due under the construction contracts, and involves the determination of the ultimate liabilities of the parties between themselves, on each side of the controversy, pertaining to the transaction of the construction of the hotel. Jurisdiction of the parties in the suit for these purposes carries with it the right to unite in the complaint or cross-complaints the different grounds or causes of action for relief, to enable

the court to 'determine the ultimate rights of the parties on each side, as between themselves, either on cross-complaint or equivalent pleadings or otherwise, and may grant to the defendant any affirmative relief to which he may be entitled.' Section 2883, Stats. 1898. The scope of this power is declaratory of the broad, equitable powers courts may employ in joining parties and subjects in one suit, to determine their ultimate rights within its jurisdiction. This power is of peculiar applicability to lien foreclosure suits under the statutory provisions heretofore referred to and considered. The appellants claim and insist, however, that the causes of action alleged by the lienors against the principal contractors and their bondsmen for relief on the bonds, and by the hotel company against the Kirkman Construction Company and its surety for relief under the construction contract and the bond, are actions at law which cannot be litigated in this equity suit. A portion of the relief demanded by the hotel company is that, if the principal contractor default in paying what is due subcontractors for material and labor, then that the surety be required to pay such claims to save the hotel company harmless from liens against its property. This the surety contracted to do, and under this obligation the hotel company may enforce this primary liability of the surety to pay the debts of its principal. This right is within the equitable principle governing this duty between the surety and the hotel company, which, in turn, is liable to these lienors as a surety of the surety company, that the surety company bear the obligation which is about to be cast on the hotel company, which principle was applied in the case of *Dobie* v. *Fidelity & C. Co.*, 95 Wis. 540 (70 N. W. 482), and approved in *Monsen* v. *Noyes*, 105 Wis. 565 (81 N. W. 860), [60 Am. St. Rep. 135]. The trial court held that the hotel company's claim for breach of contract by the Kirkman Construction Company was not related to the primary right sought to be enforced in this lien action. Failure of the construction company to furnish the material and do the work required of it has, it is alleged, resulted in damages to the hotel company and in liens against its property. The rights and liabilities arising from the construction and surety contracts, the hotel property,

the question of the hotel company's claim for unpaid lien debts, and its claims for damages for breach of the construction contract, which claims the company may retain and offset against any claim of the principal contractor or affirmatively enforce against the surety if the principal defaults in paying them, connect these inquiries sufficiently with the subject of the litigation to empower a court of equity to adjust and settle them between the parties to this action. The trial and determination of these issues in this action are incidental to the enforcement of the rights of the lien claimants against the hotel property, which the owners have a right to protect by asking that all the liabilities of the parties be adjusted, and that no more be allowed to lien claimants than they are upon investigation entitled to, and that the principal contractor and his surety be compelled to pay such debts and save the hotel property harmless. The bond is involved in the suit and the relief therein as to lienors, and as to the hotel company for default in construction, and this sufficiently connects the hotel company's claim for damages for breach of the construction contract with the subject of the action to authorize the court to retain it in order to have a complete and final determination of the rights and liabilities of all the parties in any manner interested in these contracts and the property. We are persuaded that this holding is within the principle of the decision in the following cases, which hold that a court may 'lay hold of a subject-matter, however large, made up of a single primary right, and all rights germane thereto, however numerous, or several such subject matters under certain circumstances, bring all parties directly interested before the court, with all parties necessary to be there for their due protection, and settle the entire controversy by a single decree': *Harrigan* v. *Gilchrist,* 121 Wis. 127 (99 N. W. 909); *Gager* v. *Marsden,* 101 Wis. 598 (77 N. W. 922); *Carpenter* v. *Christianson,* 120 Wis. 558 (98 N. W. 517); *Herman* v. *Felthousen,* 114 Wis. 423 (90 N. W. 432); *Adkins* v. *Loucks,* 107 Wis. 587 (83 N. W. 934); *Level Land Co.* v. *Sivyer,* 112 Wis. 442 (88 N. W. 317); *Zinc Carbonate Co.* v. *Bank,* 103 Wis. 125 (79 N. W. 229, 74 Am. St. Rep. 845); *St. Croix Timber Co.* v. *Joseph,* 142 Wis. 55 (124 N. W. 1049). The

claim that this course deprives the demurrants of the right to have these issues tried by a jury is not sustained."

The more recent case of *Yawkey-Crowley Lumber Co.* v. *De Longe*, 157 Wis. 390 (147 N. W. 334), is to the same effect. In the instant case we have before us the owner, the original contractor, the subcontractors, the materialmen, and the bonding company which gave a bond, not only to the owner, but "to all persons who may become entitled to liens under the contract." Is there any valid legal or equitable reason why the respective rights of the parties should not be settled in one proceeding? We think the answer should be in the negative.

The decree of the lower court is reversed, the demurrer is overruled, and the defendant is given the usual time in which to answer, with costs to crosscomplainants.

BROOKE, C. J., and McALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.