### TESSLER v. ROTHMAN.

JUDGMENT—JUDGMENT IN MECHANIC'S LIEN SUIT RES ADJUDICATA OF CONTRACTOR'S CLAIM AGAINST OWNER.

> Where, in a suit to enforce a mechanic's lien, the contractor and owner were both made parties defendant, and the decree in said suit necessarily determined the terms of the contract between the contractor and owner, said judgment is *res adjudicata* of a claim by the contractor against the owner based on a construction of said contract different from the one found to exist in said former suit.[1]

Error to Oakland; Covert (Frank L.), J. Submitted June 11, 1925. (Docket No. 49.) Decided July 16, 1925.

Assumpsit by Morris H. Tessler against Elias M. Rothman for a balance due on a building contract. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Affirmed.

---

[1] Judgments, 34 C. J. § 1332.

*Bigelow & Rankin,* for appellant.

*A. W. Sempliner,* for appellee.

MOORE, J.    The trial judge stated the questions in this case so clearly in an opinion filed when he granted a judgment *non obstante veredicto,* that we quote from it as follows:

"This is an action in assumpsit brought by the plaintiff to recover the balance claimed to be due on an oral contract for labor and material furnished in the erection of a building on property of the defendant.    It is the claim of plaintiff, that on or about the 27th day of May, 1919, he entered into a written contract with defendant to build a certain brick building on property belonging to the latter, the contract price being $8,500; that he began work under the contract, and that in October, 1919, finding that he was unable to complete the contract because of increase in the price of materials, etc., he advised the defendant of his intention to throw up the contract.    That defendant thereupon asked him to go ahead and finish the building, agreeing to compensate him for materials and labor furnished, and also to pay him an additional sum equal to ten per cent. of the entire cost of the work on the said building and the materials furnished therefor.

"Defendant filed a plea of the general issue, and gave notice that he claimed as a matter of defense under such plea that no such second oral contract was made; that certain liens for materials had been filed against the property, more than sufficient to overcome the balance due plaintiff upon the original written contract.

"He further gave notice, under such plea of the general issue, that the matter in issue had been fully adjudicated in the case of the People's Lumber Company, as plaintiff, and plaintiff and defendant herein as defendants, being No. 75,722 in the Wayne circuit court, in chancery.

"The instant case was heard before the court and a jury, and a motion was made by counsel for defendant asking the court for a directed verdict in his favor

because of such former adjudication, and for other reasons.

"The ruling was reserved on the motion, and the case submitted to the jury under the provisions of section 14568 of the Compiled Laws of 1915—the jury rendering a verdict in favor of the plaintiff for $4,402.80.

"Subsequently the defendant filed a motion for judgment for defendant *non obstante veredicto*.

"A certified copy of the files in the Wayne county case was offered and received in evidence. From such record, it appears that a bill was filed in the Wayne circuit court on or about the 20th day of February, 1920, the People's Lumber Company, as plaintiff, to foreclose a mechanic's lien upon defendant's property, claiming that they had furnished to plaintiff, Tessler, a certain amount of lumber, under a contract between Tessler and Rothman for the erection of a building upon Rothman's property, and making both plaintiff and defendant herein defendants in such action. Summons was served upon defendant Tessler, but his appearance was not entered, and subsequently his default was taken—although he appeared as a witness at the hearing. The case was heard before the circuit court for the county of Wayne, and a decree was entered thereon the 11th day of January, 1921, reciting that the case came on to be heard on the bill of complaint and answer of defendant Elias Rothman, the default of Tessler having been taken. The decree further recites, among other things, the following:

" 'Upon due consideration thereof, the court doth find that upon the 27th day of May, 1919, the defendant Rothman entered into a written contract with the defendant Tessler whereby the defendant Tessler agreed to do the carpenter work for four stores and flats on the premises hereinafter described for the sum of eighty-five hundred dollars ($8,500); and the court doth further find that said contract was the only existing contract between the said parties until the time that said defendant Tessler abandoned the work under said contract, shortly after November 21, 1919; and that no other or different contract was ever entered into by the defendants Rothman and Tessler in regard to said work;'

—"and further found that Rothman had paid defend-

ant Tessler $5,400, on his written contract of $8,500; that he had also paid for the completion of the work; after the abandonment of the contract by Tessler, $486.75; and that the amount then due to Tessler from Rothman was $2,623.25; that said $486.75 was paid by Rothman without securing sworn statements, as provided for by the mechanics' lien law, and because of such failure, the total amount subject to lien was $3,200; and a lien was decreed for that amount on the property of defendant Rothman.

"It is the contention of the plaintiff that this decree was not an adjudication of the matters involved in this case. However, in the case of *Kerns* v. *Flynn,* 51 Mich. 573, the opinion reads as follows:

" 'The case of subcontractors involves inquiry into the re-lations and state of accounts existing between the defendant and the original contractors, and into the contract relations and state of accounts existing between said original contractors and subcontractors. Both kinds of inquiry are indispensable. It is a fundamental implication of the remedy that an indebted-ness from the defendant in favor of the original contractors must be found and adjudicated. Without it there can be no basis for relief to the subcontractors. The right of lien must be ascer-tained, and the rights and liabilities of the different parties, so far as they pertain to the subject, must be inquired into and liquidated. The fact of a lien and the fact of liability or indebtedness may actually exist, but they must be adjudged to exist as a preliminary to their enforcement. They can never be taken for granted. So long as a claim is unadjudged it can-not be enforced, and there is no law for making such investiga-tions and decisions in the absence of the parties. They must have an opportunity to be heard, and if they do not have it, they will not be bound. The doctrine is elementary and cita-tions are unnecessary;'

—"which clearly made it necessary, in the mechanics' lien case, to make the principal contractor, Tessler, a party to the action, and also made it necessary for the court to determine what the contract relations be-tween Tessler and Rothman were, and how much was due Tessler under such contract.

"The files in that case disclose that the claim of the People's Lumber Company was $3,683.21, and had there been an additional sum due from Rothman to

Tessler, the court would have undoubtedly decreed a lien for that amount. But inasmuch as the court found that the only contract existing between Tessler and Rothman was a written one for $8,500 and that the balance remaining unpaid on such contract plus the sum of $486.75 was $3,200, he gave the lumber company a decree for that amount only.

"The files in that case further disclose that some of the materials were furnished by the People's Lumber Company in November, 1919, which was some weeks subsequent to the time Tessler claims the oral contract was made, which would make it still more necessary for the Wayne circuit court to determine what contracts were in existence at that time.

"In view of these facts and the decision above referred to, I am satisfied that the motion of defendant for a judgment *non obstante veredicto* is well founded, and the same will be granted and judgment entered accordingly."

The case is brought into this court by writ of error.

It may be well to state at the outset that the instant case was commenced July 26, 1920. While the chancery case, to which reference is made by the trial judge, was commenced February 20, 1920, and the decree was not entered therein until January 11, 1921.

We quote from the brief:

"The plaintiff insists:

"1. That in the said lien suit of the People's Lumber Company *v.* Elias M. Rothman and Morris H. Tessler the pleadings in no way involved the issue in the case at bar, as between the parties to this suit; that in the said lien suit the issue in the case at bar was not raised or determined; and that the said decree in the said lien suit is not *res judicata* as to the issue involved in this suit.

"2. That the said circuit court erred in entering judgment of no cause of action in favor of the defendant in this suit notwithstanding the said verdict in favor of the plaintiff, and that said judgment ought to be set aside and a judgment entered on the said verdict for the plaintiff."

The principle for which the plaintiff contends in this

case is well stated in 15 R. C. L. p. 972, § 449, as follows:

"While a judgment is decisive of the points raised by the pleadings, or which might properly be predicated upon them, it does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiffs might have joined, but which in fact, were not joined or embraced in the pleadings."

Counsel also cites *Barras* v. *Youngs,* 185 Mich. 496, and insists it is controlling.

It may be well in this connection to quote further from 15 R. C. L., which we do as follows:

"On the other hand it is equally well settled that a fact which was directly tried and decided by a court of competent jurisdiction cannot be contested again between the same parties in the same or in any other court, and that where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or not, or whether the same suit involves the same or a different subject-matter.   *   *   *   In such cases it is also immaterial that the two actions were based on different grounds or tried on different theories or are instituted for different purposes and seek different relief."     15 R. C. L. p. 974, § 450.

"While this doctrine of the effect of a judgment as an estoppel in subsequent actions is limited to matters involved in the litigation, it is generally held to be equally applicable whether the point decided is of itself the ultimate vital point, or only incidental, if still necessary to the decision of that point, and a judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties, or their privies, as to those matters necessarily determined or implied in reaching the final judgment, although no specific finding may have been made thereto, and even

though it was not raised as an issue by the pleadings in the former action. If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties." 15 R. C. L. p. 976, § 451.

In the case of *Barker* v. *Cleveland*, 19 Mich. 230, Chief Justice COOLEY, speaking for the court, says:

"To make a judgment in one case a bar to another it is not necessary that the object of the two suits be the same, nor that the parties should stand in the same relative position to each other. * * * And it is immaterial whether the point was actually litigated or not if its determination was necessarily included in the judgment."

A reference to the case of *Barras* v. *Youngs, supra*, will show it is not controlling.

In the chancery case before mentioned it is averred that Mr. Rothman had a contract with Mr. Tessler to construct the building. In his answer Mr. Rothman states what he claims the contract to be.

Counsel say:

"No copy of that answer was ever served on Tessler —either before or after his default. It is not an answer in the nature of a cross-bill against any party, and it cannot fairly be contended that Rothman's said admission amounts to a pleading by which such an issue between Rothman and Tessler was raised. There is no testimony whatever in the record showing that there was any such issue on the hearing in the People's Lumber Company case, and no opinion of the court upon which the court's decree therein relied upon by the defendant was based."

Mr. Tessler was duly served with process and if he has failed to have a copy of the answer served upon him it is because he did not enter an appearance in the case.

In the case now before us notice was given to Mr.

Tessler before the decree was entered in the chancery case as to the claim of Mr. Rothman about the contract.

We again quote from the brief:

"The object of making the contractor defendant in a mechanic's lien case brought by a materialman is to establish the indebtedness to the materialman as against the contractor, for, if he were not given an opportunity to contest the materialman's claim by being made a party, he would not be bound by the decree. This is the substantial holding of *Kerns* v. *Flynn,* 51 Mich. 573; *Godfrey Lumber Co.* v. *Kline,* 160 Mich. 565, and is the only point involved in those cases.

"In order to enforce the lien the materialman must establish his claim against the contractor, and then establish the contract between the owner and the contractor in reliance upon which the materialman gave the credit to the contractor. In the People's Lumber Company case it was not necessary that Tessler should be a party for any other purpose than to bind him as to his liability to it as a materialman."

We think this view of the object of the statute is too narrow.

Section 14805, 3 Comp. Laws 1915, requires that the plaintiff in a suit brought to foreclose a mechanic's lien shall make all persons having rights in said property affected or to be affected by such liens parties to such actions.

In *Kerns* v. *Flynn,* 51 Mich. 573, it is said:

"The case of subcontractors involves inquiry into the contract relations and state of accounts existing between the defendant and the original contractors, and into the contract relations and state of accounts existing between said original contractors and subcontractors. Both kinds of inquiry are indispensable. It is a fundamental implication of the remedy that an indebtedness from the defendant and in favor of the original contractors must be found and adjudicated. Without it there can be no basis for relief to the subcontractors. The right of lien must be ascertained, and the rights and liabilities of the different parties, so far as they pertain to the subject, must be inquired

into and liquidated.   The fact of a lien and the fact of liability or indebtedness may actually exist, but they must be adjudged to exist as a preliminary to their enforcement.   They can never be taken for granted. So long as a claim is unadjudged it cannot be enforced, and there is no law making such investigations and decisions in the absence of the parties.   They must have an opportunity to be heard, and if they do not have it they will not be bound.   The doctrine is elementary and citations are unnecessary."

See *Godfrey Lumber Co.* v. *Kline,* 160 Mich. 565.

It might make a great deal of difference to a materialman whether he obtained a lien for the full amount of his claim instead of for a part thereof, and was relegated to obtain a judgment for the deficiency against the purchaser of the material who might or might not be insolvent.

In the lien case of *Koch* v. *Sumner,* 145 Mich. at p. 364 (9 Ann. Cas. 225, 116 Am. St. Rep. 302), it is said:

"A reading of the opinion will show however that it did not go off upon that point but upon the general proposition that it is the duty of a court of equity which has properly acquired jurisdiction of the subject-matter, and of the parties to do final and complete justice in relation thereto.   This is no new doctrine in this State.   It was announced as long ago as *Whipple* v. *Farrar,* 3 Mich. 436 (64 Am. Dec. 99). See, also, *Miller* v. *Stepper,* 32 Mich. 194; *Wallace* v. *Wallace,* 63 Mich. 326; *Drayton* v. *Chandler,* 93 Mich. 383; *In re Axtell's Petition,* 95 Mich. 244; *George* v. *Electric Light Co.,* 105 Mich. 1; *McLean* v. *McLean,* 109 Mich. 258.   In *Convis* v. *Insurance Co.,* 127 Mich. 616, the doctrine was restated by Justice GRANT as follows:

"'When a court of equity has jurisdiction for one purpose it may retain jurisdiction to settle all disputes relating to the same subject-matter between the parties to the suit.'"

See *C. H. Little Co.* v. *L. P. Hazen Co.,* 185 Mich. at p. 325 *et seq.*

In the chancery case the materialman, the property owner and all the contractors including Mr. Tessler were properly before the court. A decree could not be made therein which would be just to the materialman without first deciding what was the contract between Mr. Tessler and Mr. Rothman. We think it must be said that Mr. Tessler has had his day in court.

Judgment is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.